BARTON v. GRAND LODGE OF INDEPENDENT ORDER OF ODD FELLOWS.

Opinion delivered October 25, 1902.

MECHANICS' LIEN—CONSTRUCTION.—Under the mechanics' lien act of 1895 (p. 225, § 18), which enacts that contractors, sub-contractors, laborers and material furnishers shall not have liens for any greater amount in the aggregate than that contracted for between the employer and contractor, "*provided* that the owner, employer

or builder shall pay no money to the contractor until all laborers and mechanics employed on the same and all material furnishers shall have been paid for work done or materials furnished," an employer is not liable for a greater sum than he contracted to pay, except to the extent that he paid money to the contractor before the liens of laborers, mechanics and material furnishers were discharged.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Special Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is a proceeding under the statute to establish and have enforced a material man's lien upon the building of the Odd Fellows at the town of Batesville, Independence county, in this state.

Upon all the evidence in the case the court declared the facts and law as follows:

FACTS: (1) "The defendant contracted with one C. J. Jackson to erect a building for them for the sum of $5,500. (2) The plaintiff, P. C. Barton, furnished materials to the amount of $1,753.46, which were used in the construction of the building. He had been paid on said account the sum of $431.49, leaving a balance due him of the sum of $1,321.97. (3) The defendant paid to various persons for labor, material and supplies on the order of Jackson, aggregating the sum of $4,991.62. Of that sum it is shown that the sum of $175 was paid to Jackson, the contractor, on his account and for his own use."

LAW: (1) "Section 18 of Acts 1895, page 225. (2) The amount $4,991.02 is not the amount the defendant is to be credited with as having been paid on the contract price. The sum of $175 should be deducted therefrom, leaving the sum of $4,816.02 as the true amount paid on said contract price." (3) The plaintiff, P. C. Barton, is entitled to the difference between $5,500 and the sum of $4,816.02, which difference amounts to the sum of $683.98. (4) For which last sum of $683.98 plaintiff is entitled to a judgment with interest at 6 per cent. from the time of filing of his lien."

Plaintiff requested the court to declare the law as follows, which the court refused, and to such refusal plaintiff excepted:

"1. That defendants admit that they have paid out $175 to the contractor in violation of its contract, and that, the contract providing that the defendant should retain 15 per cent. of each and every bill for material, and that fifteen per cent. of $5,500 would be $825, the amount defendant should have had in its hands to pay plaintiff, plaintiff is therefore entitled to recover of defendant said sum, together with the sum of $175, amounting to $1,000.

"2. The plaintiff having furnished to defendant materials to the amount of $1,753.46, which said materials were used in the construction of said building, by the terms of the contract between defendant and Jackson, plaintiff should have been paid 85 per cent. of said amount for said material, and, plaintiff having been paid only the sum of $431.49, he is now entitled to recover $1,058.87."

Plaintiff moved for a new trial, as follows:

"(1) The judgment of the court is against the evidence. (2) The judgment of the court is contrary to law. (3) The court erred in refusing to declare the law as requested by plaintiff. (4) The court erred in his declaration of law numbered one."

Motion overruled. Bill of exceptions filed, and appeal.

*Lamb & Gautney, J. C. Yancey,* for appellants.

The owner is liable where he is guilty of a violation of the law granting immunity from such liability. Sec. 18, Mech. Lien Law, 1895, § 8, p. 222.

*H. I. Coleman,* for appellees.

The act of 1895, page 217, does not amend, change or modify any former law. § 26, p. 226; 46 Ark. 310.

HUGHES, J., (after stating the facts). We have verified the calculations necessary in this case, and find that the court below is correct in the findings of facts in the case.

We are of the opinion that the judgment upon the law of the case is also correct.

The act of 1895 providing for mechanics' liens is found at page 225 of the Acts of 1895, the eighteenth section of which provides that the owner or builder shall not be liable for more than the price contracted or agreed on between the employer and contractor. "*Provided,* that the owner, employer or builder shall pay no money to the contractor until all laborers and mechanics em-

ployed on the same and all material furnishers shall have been paid for work done or materials furnished." It is true that the Odd Fellows paid Jackson, the contractor, $175, while Barton's bill for materials was unpaid, but the court made them lose that, and Barton got the benefit of this. So the Odd Fellows paid all that they had contracted to pay for the work and materials to the laborers and material men, and were not liable for any more.

We think the act of 1895 covers the whole subject of mechanics' and material men's liens, and repeals prior acts on the subject.

Barton's lien for materials was in nowise affected by the fact that Jackson, the contractor, had been paid the $175 before his claim for materials was paid, as it was deducted from the amount paid by the Odd Fellows, and was adjudged to be paid to Barton. Certainly, this could not make the Odd Fellows liable for what they had not contracted to pay, and did not owe.

Finding no error, the judgment is affirmed.