STERNBERG *v.* FORT SMITH REFRIGERATOR WORKS.

Opinion delivered June 29, 1908.

1. MECHANICS' LIEN—AUTHORITY OF ARCHITECT.—Where a builder's contract stipulated that, "should the contractor at any time during the progress of the work refuse or neglect to supply a sufficiency of material or workmen, the architect will have power to provide materials or workmen," and that "in case of noncompliance the expense aris-

ing from such action shall be deducted from the contract price," the clauses quoted did not authorize the architect to bind the owner or to create a lien on the building beyond the original contract price. (Page 59.)

2. SAME—EQUALITY OF LIENS.—Where a building is erected under a specific contract for a particular sum, and the contractor incurs liens exceeding the contract price, the owner cannot discriminate between the persons entitled to liens, but must prorate the contract price between them. (Page 60.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Winchester & Martin,* for appellant.

The architect was not appellant's agent to buy material. One is not bound by the acts of his agent beyond the apparent scope of his authority and without the line of employment. One dealing with an agent must inquire into the extent of his authority. Contractors, sub-contractors, laborers, etc., shall not have a lien for more than the original contract price. Kirby's Digest, § 4975; 71 Ark. 35; 77 *Id.* 158.

*Brizzolara & Fitzhugh,* for Ft. Smith Refrigerator Works.

Sternberg agreed to pay for whatever material was furnished at the request of his architect. He is therefore liable for it. 21 S. E. 42; 123 Ind. 364. The Fort Smith Refrigerator Works is entitled to its *pro rata,* because what was paid to it before was paid under another contract. 108 S. W. 509.

*Read & McDonough,* for Kenney Bros.

Kennedy Bros. are entitled to an affirmance of their judgment; for there was no answer denying the allegation of indebtedness. 80 Ark. 65. The complaint was treated as alleging personal liability, and no objection was made to the evidence for want of such allegation. 84 Ark. 37; 81 *Id.* 373; 67 *Id.* 426; 78 *Id.* 350. Where the findings of the court below are sustained by the evidence, this court will affirm the judgment. 71 Ark. 605; 68 *Id.* 314; *Id.* 134; 72 *Id.* 67; 73 *Id.* 489; 75 *Id.* 52. Where the evidence is evenly balanced, this court will affirm. 77 Ark. 305.

McCULLOCH, J. One S. K. Robinson entered into a written contract with appellant, Sternberg, to furnish material and construct two cottages in the city of Fort Smith for the latter at

and for the sum of $3,950. The contract provided that the houses should be constructed in accordance with certain plans and specifications prepared by Sullenger, an architect, which are referred to in the contract and expressly made a part thereof.

The specifications contained the following: "Supplying labor, etc. Should the contractor at any time during the progress of the work refuse or neglect to supply a sufficiency of materials or workmen, the architect will have power to provide materials or workmen after three days' notice having been given in writing to furnish said materials and workmen. In case of noncompliance the expense arising from such action shall be deducted from the contract price, the back percentage shall be forfeited, and if necessary the work relet. The materials and implements on the premises shall thereby become forfeited and sold if necessary to finish the work."

Robinson abandoned the work before completing the houses, and the same were completed by other parties employed by appellant in accordance with the contract. At the time of the abandonment appellant had paid out, on certificates of the architect, for labor and material the sum of $2,913.33, and it cost him the additional sum of $1,359.00 to complete the houses, making an excess which he paid out over the contract price.

Appellees, Fort Smith Refrigerator Works and Kenney Bros., instituted suits in equity to recover the price of material furnished for use in the buildings and to have liens declared on the buildings and lot. The chancellor found in their favor, and entered a decree accordingly.

Robinson got sick during the progress of the work on the building, but the work was continued for a time under supervision of the architect before final abandonment when appellant relet the contract for completing the buildings to other parties for the sum named above. During the time Robinson was sick, and before he finally abandoned the work, appellees furnished the material in question upon orders given by the architect. The chancellor found that the orders were given without any authority from appellant, except the authority implied from the terms of the contract with Robinson, and we think the proof sustains the finding. Appellant expressly declined to bind himself to pay for material to be furnished by one of the appellees, and as to the other he was not consulted.

The chancellor decided that the contract itself constituted sufficient authority from appellant to the architect to purchase sufficient material for him and to bind him for the payment thereof. The conclusion of the chancellor is stated in the following language:

"The purchases thus made by the architect became a debt in favor of Sternberg against the contractor, and the claim must take its place, and assume the chances of payment, as if furnished by an independent material man, but each is a basis for a lien against his building under the circumstances, the same as if there had been no contract between him and Robinson, or as if he had made a direct personal purchase of the material."

We think that this interpretation of the contract was erroneous. The stipulation in question did not constitute the architect the agent of the owner for the purpose of procuring labor and material for the building. The builder obligated himself in the contract to furnish these and to complete the building for a stated price; and in this particular clause of the contract he expressly agreed that if he failed to furnish sufficient labor and material the architect might do so and deduct the cost from the contract price. The statute would give a lien, as to subcontractors, to the extent of the original contract price for labor or material furnished under these circumstances. But the clause of the contract in question did not authorize the architect to bind the owner or to create a lien on the building beyond the original contract price. This feature of the contract was manifestly inserted for the benefit of the owner, so that the architect could require the furnishing of labor and material pursuant to the contract, but, until work was abandoned by the contractor and the owner took charge for the purpose of completing the building, or unless he authorized the architect to procure labor and material for the building, he can not be held liable, nor can liens be asserted against his building beyond the original contract price. The contract did not constitute the architect the agent of the owner for the purpose of procuring labor and material, as that was within the obligation of the builder.

We are therefore of the opinion that the chancellor erred in holding appellant liable beyond the contract price for material furnished.

Under the rule laid down by this court in *Long* v. *Chas. T. Abeles & Co.,* 77 Ark. 156, all who furnish to a principal contractor labor or material used in the construction of a building are entitled, on equal footing, to liens on the building to an amount not exceeding the original contract price, or, where work has been abandoned by the principal contractor, to the amount of the contract price after deducting the cost of completing the building in accordance with the contract; and the owner cannot discriminate between persons who perform labor or furnish material, but must prorate the contract price between them. To this extent the case of *Barton* v. *Grand Lodge,* 71 Ark. 35, was overruled.

The amount paid out by appellant for labor and material before Robinson abandoned the work, together with the amount necessarily expended in completing the building after abandonment, exceeded the original contract price. Appellee, Fort Smith Refrigerator Works, according to the proof in the record, received its *pro rata* of the amount paid by appellant, and is entitled to no more; but it does not appear that Kenney Bros. have been paid anything at all. So, under the rule in *Long* v. *Chas. T. Abeles & Co.,* they are entitled to their *pro rata* of the difference between the contract price and the amount paid out by appellant in completing the buildings after Robinson abandoned the work. We cannot, from the proof before us, ascertain precisely what their proper share is.

The decree is reversed with directions to dismiss the complaint of Fort Smith Refrigerator Works for want of equity, and to ascertain the amount of *pro rata* of the contract price due Kenney Bros., and decree a lien therefor in accordance with this opinion.