Richardson v. Lanius.

## T. S. Richardson *v.* J. R. Lanius *et al.**

### (*Nashville.* December Term, 1923.)

1. **CONTRACTS.** Owner held entitled to credit for old material furnished and amount expended in completing improvement.

   Under a contract to remodel a house, owner *held* entitled to credit on contract price for old material which belonged to her and was used in improvement, and amount she expended to complete improvement after contractors abandoned work, since such items had the effect of reducing contract price of improvement. (*Post, p.* 139.)

2. **Equity.** Owner entitled to credits under contract without filing a cross-bill.

   In a suit for balance due and to enforce lien for materials furnished contractor in remodeling a house, owner was entitled to credit for value of old material which belonged to her and were used by contractor without filing a cross-bill, where she was not seeking any affirmative relief. (*Post, pp.* 139, 140.)

3. **EQUITY** Owner entitle to credit for amount expended in completing abandoned contract without filing cross-bill.

   In a suit for balance due and to enforce lien for materials furnished contractor in remodeling a house, owner was entitled to credit for amount expended in completing work after contractors had abandoned their contract without filing a cross-bill. (*Post, p.* 140.)

   Case cited and approved: Sternberg v. Ft. Smith Refrigerator Works et al., 87 Ark., 56.

4. **MECHANICS' LIENS.** Materialmen held entitled to lien only in proportion that claim bore to contract price of improvement.

   Materialman was entitled to a lien only in proportion that his claim bore to contract price of improvement, in view of Shannon's Code, sections 3538, 3540, 3544, though owner during progress of work had paid claims of laborers whose liens had not been perfected,

---

*On right to mechanics' lien for labor or material furnished on order of architect before abandonment of contract by contractor, see note in 20 L. R. A. (N. S.) 89.

Richardson v. Lanius.

and though materialman's claim was less than contract price. (*Post, p.* 140.)

5.  **MECHANICS' LIENS.** Statute providing for liens should be construed with preceding sections.

Shannon's Code, sections 3540, 3544, as to materialmen's liens, should be construed in connection with section 3531 et seq., dealing with original contractors, since all provisions are merely means of securing compensation to original contractors and laborers and materialmen within limits fixed by statute. (*Post, p.* 140.)

6.  **MECHANICS' LIENS.** Statutes strictly construed against those seeking to come within them.

Mechanic's lien statutes are strictly construed against those seeking to come within them, and liberally construed as to inclusion of property and subjecting it to lien, but are not to be given a strained construction to bring one within their provisions. (*Post, pp.* 140-147.)

Acts cited and construed: Acts 1845-46, sec. 2; ch. 118.

Case cited and approved: Nanz v. Park Co., 103 Tenn., 299.

Cases cited and distinguished: Cole Mfg. Co. v. Falls, 90 Tenn., 466; Green v. Williams, 92 Tenn., 220; Bird Bros. v. Southern Surety Co., 139 Tenn., 11.

Code cited and construed: Sec. 3540, 3544(S).

FROM MAURY.

*Headnote 1.  9 C. J. Building and Construction Contracts, §§ 153, 188; 2.  21 C. J. Equity, § 598; 3.  21 C. J. Equity, § 602; 4.  27 Cyc, Mechanics' Liens, p. 213; 5.  27 Cyc, Mechanics' Liens, p. 22 (1925 Anno); 6.  27 Cyc, Mechanics' Liens, p. 21.

Appeal from the Chancery Court of Maury County.— Hon. Thos. B. Lytle, Judge.

Greenlaw & Whitthorne, for appellant.

Smiser & Dinning, for appellee.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed by complainant, Richardson, against defendants J. R. Lanius, P. C. Dooley, and Mrs. Mattie Loftin.

Complainant sought a decree against defendants Lanius and Dooley for the sum of $785.55, with interest from the date of the filing of his bill, balance due for materials furnished Lanius and Dooley, who had a contract with Mrs. Loftin to remodel and make certain additions to her dwelling house situated on a certain lot mentioned and described in the bill located in the city of Columbia, Tenn., and to set up and enforce a furnisher's lien for said materials which were used upon the premises of Mrs. Loftin.

The chancellor rendered a decree against Lanius and Dooley for the sum of $785.55, together with the sum of $52.87 interest, or a total of $838.42, which amount was declared a lien on Mrs. Loftin's house and lot, and said property was ordered sold in bar of the equity of redemption to satisfy said lien unless the decree was paid within thirty days from the date thereof.

From this decree Mrs. Loftin appealed to the court of civil appeals. That court reversed the decree of the chancellor, and both complainant and defendant Mrs. Loftin have filed petitions for writs of *certiorari,* which have heretofore been granted, and the cause is now before this court for review.

Mrs. Loftin answered complainant's bill, averring that by a written contract with Lanius and Dooley the cost of the improvement to be made upon her premises was limited to $1,900, and that it was stipulated that any old material used in said improvement by Lanius and Dooley

(contractors) with her consent should be credited to her at the price of new materials; that she had paid to laborers performing labor on the improvement the sum of $759.75, and that Lanius and Dooley had used old material belonging to her (Mrs. Loftin) in making said improvement to the amount of $72.62; that they had abandoned the improvement before its completion, and she had been compelled to spend $58.82 to complete it; that she had paid complainant the sum of $750 on his account for materials furnished her contractors, Lanius and Dooley. She therefore, claimed that, while she was indebted to complainant in some amount, she did not owe him the full amount of his claim of $1,535.55, less the credit of $750, which she had paid complainant during the progress of the work, but admitted that she did owe him a *pro rata* of the contract price of $1,900, which her answer averred should be reduced by the items of old material used in said improvement, to-wit, $72.62, and the further sum of $58.82, which she was compelled to expend in the completion of the job after it had been abandoned by her contractors; therefore that the amount which she owed complainant was that per cent. of $1,900 (the contract price) thus reduced, which the entire amount of the materials furnished by complainant, to-wit, $1,535.55, bore to the total expenditures of the improvement, less the $750 which she had paid complainant.

The chancellor found that Lanius and Dooley (contractors) had a contract in writing with Mrs. Loftin, whereby they were to build three rooms and remodel her residence for the sum of $1,900; that the contract provided, however, that all old material which Mrs. Loftin agreed could be used in said improvement should be paid for at the price of new material; that the contract also

provided that Mrs. Loftin was to advance money to pay for the material and labor used in making said improvement to within $500 of the contract price; that complainant sold to said contractors materials for said improvement amounting to $1,770.44; that Mrs. Loftin had paid upon this amount the sum of $750, and had returned to complainant material unused amounting to $134.89, both of which items were credited on complainant's account, leaving a balance due of $785.55.

The chancellor further found that Mrs. Loftin had paid the laborers, who performed the work on said improvement, the sum of $759.75, that the contractors had used $72.62 worth of old material which belonged to Mrs. Loftin in the new improvement, and that Mrs. Loftin had expended $58.82 to complete the improvement according to contract after it had been abandoned by her contractors.

In this finding of the chancellor the court of civil appeals concurred. The court of civil appeals, however, reversed the decree of the chancellor, and held that Mrs. Loftin's property could not be bound for more than the contract price, and that the chancellor committed error in declaring complainant's decree a lien against her property for the full amount of the recovery awarded complainant, but that the lien should have been limited to the *pro rata* part, or per cent. which $1,900 will pay on the entire cost of the improvement, after adding to said contract price the cost of four extra windows, which were added to the improvement.

The court of civil appeals declined to allow Mrs. Loftin credit for the sum of $72.62 for old material used by her contractors in said improvement, and credit for the $58.82 expended by her in completing the improvement in ac-

cordance with the contract.

The court of civil appeals ordered the cause remanded to the chancery court for a reference to ascertain and report the cost of putting in the four extra windows, which amount, when ascertained and reported, the court ordered added to the contract price of $1,900. The total cost of the improvement, as thus ascertained, is fixed by the court of civil appeals as the basis upon which complainant's lien will be determined, and the court ordered that complainant's decree be declared a lien upon the premises of Mrs. Loftin on a *pro rata* basis only; that is, a lien only in that proportion which the decree bears to the total cost of the work under the contract, as increased by the four extra windows—that is, "the total cost of the work is now shown to be the expenditures heretofore made by Mrs. Loftin, amounting to $1,509.45, plus complainant's decree of $838.42, or a total of $2,347.87, and that per cent. of the latter sum, which $1,900 plus the cost of the four windows will pay, is the per cent. of complainant's decree of $838.42, which will be declared a lien upon defendant's said premises."

Mrs. Loftin assigns as error the action of the court of civil appeals in ordering that the "cost of the four extra windows" be added to the contract price, if it is meant by this to include the materials which went into the four extra windows, but if only the cost of installing the windows in the building is to be added she makes no objection. She claims that the materials which went into the four extra windows are evidently included in complainant's account for materials for which he claims a decree, and therefore these materials should not be considered.

It is a sufficient answer to this contention that the record fails to disclose that the materials which went into

the four extra windows are included in complainant's bill for materials on which he seeks a recovery. The record is silent as to this. Therefore we cannot say that these materials are included in complainant's account, and we are unable to say that the holding of the court of civil appeals as to this item was error.

It is next insisted that the court of civil appeals committed error in not allowing Mrs. Loftin credit for the item of old material which was used in the improvement amounting to $72.62, and also credit for the item of $58.82, which she was compelled to expend to complete the improvement after her contractors had abandoned the job.

We are of the opinion that the court of civil appeals was in error in not allowing Mrs. Loftin credit for these two items. These two credits are therefore allowed. She was certainly entitled to credit for the $72.62, which represented the old material that belonged to her and was used in the improvement. This had the effect of reducing the contract price of the improvement, as was also true of the $58.82, which she was compelled to expend to complete the work after the contract had been abandoned by Lanius and Dooley. The court of civil appeals was of the opinion that the credit for old material could not be allowed because the proof failed to show that it was used in the improvement with Mrs. Loftin's consent, and furthermore, because she had not filed any cross-bill seeking affirmative relief.

The evidence shows that the old material was used in the improvement, and, while the evidence does not show expressly that it was used with her consent, we think it is quite inferable from the proof that it was done with her consent. The contract expressly provided that such old

material as was used in the improvement with her consent was to be paid for by the contractors as new material. A cross-bill was not necessary. Mrs. Loftin was not seeking any affirmative relief. She was simply relying upon her contract, and was entitled to have the contract performed.

As to the credit of $58.82, which she was compelled to expend to have the contract completed, in addition to the original contract price, we think she was clearly entitled to this credit, and that no cross-bill was necessary for this purpose.

In *Sternberg* v. *Ft. Smith Refrigerator Works et al.,* 87 Ark., 56, 112 S. W., 174, 20 L. R. A. (N. S.), 89, in construing a mechanics' lien statute such as ours, the court held that, where the owner of a building, after the contractor's abandonment of the contract for its construction, completes it at a cost in excess of the original contract price, and pays the amount due under the contract to some materialmen to the exclusion of others, he may be compelled to pay the latter their *pro rata* share of the original contract price, less the extra cost of completing the building.

Now with these corrections in the decree of the court of civil appeals, it becomes necessary to determine what the cost of the improvement was as actually completed. The total amount of complainant's account for materials furnished is $1,535.55; the amount paid to laborers who performed work on the improvement is $759.75; the amount of old material used in the improvement is $72.62; the amount expended to complete the improvement after abandonment of the contract by the contractors was $58.82, making a total of $2,426.74. Complainant is entitled to

that per cent. of the contract price, plus the cost of four extra windows, from which amount will be deducted the items of $72.62 and $58.82, which his entire claim bears to the entire cost of the building, which was $2,426.74.

The contention of complainant that he is entitled to a lien for his entire account remaining unpaid, and for which he recovered a decree against Lanius and Dooley, the contractors, instead of a *pro rata,* is not well grounded. Complainant's claim is predicated upon the theory that the claims of laborers paid by Mrs. Loftin during the progress of the work, and for which liens had not been perfected, and fixed in the manner prescribed by Shannon's Code, section 3540, were not entitled to *pro rata* in the contract price of the improvement with the claim of complainant, which had been perfected and fixed as required by the statute.

Section 3540 of Shannon's Code provides as follows:

"Every journeyman or other person employed by such mechanic, founder, or machinist, to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same, shall have this lien for his work or material; provided that, within thirty days after the building is completed, or the contract of such laborer, mechanic, or workman shall expire, or he be discharged, he or they shall notify, in writing, the owner of the property on which the building or improvement is being made, or his agent or attorney, if he reside out of the county, that said lien is claimed, and said lien shall continue for the space of ninety days from the date of said notice in favor of such subcontractor, mechanic, or laborer."

Section 3544 provides: "The claims thus secured by lien for work and labor done, and materials furnished,

shall in no case exceed the amount agreed to be paid by the owner or proprietor in his original contract with the undertaker.''

These Code provisions should be construed in connection with the preceding sections, beginning with section 3531, dealing with the subject as applied to the original contractor or contractors, for all of the provisions are merely the means of securing compensation to the original contractor or contractors, and also to the laborers and materialmen of such original contractors, for all labor done, and all material furnished for the work, within the limits fixed by statute. And, as to the original contractors or mechanics, section 3538 provides:

''Each mechanic so employed shall have this lien, in proportion to the amount and value of the work he does or the materials he furnishes.''

The constitutionality of the act, which is carried into Shannon's Code at section 3540 et seq., was upheld in the case of *Cole Manufacturing Co.* v. *Falls,* 90 Tenn., 466, 16 S. W., 1045, where it was held that the original contractor is the one who undertakes the contract for the owner. And, with reference to the provision that the owner may demand an indemnity bond, the court said that—''In affording this greater security, the first section [section 3540] places the owner in such a position that he may be subjected to double payment, unless he exercise reasonable care and caution to prevent it.''

The court in that case further said: ''The right of lien to subcontractors and materialmen is, by operation of law, incorporated into and made a part of the owner's contract as much as if expressly included and written therein. . . . The enforcement of this law does not

necessarily result in loss to the owner, nor take from him something for nothing.  .  .  .

"In every instance the owner may fully protect himself by withholding the whole or a sufficiency of the price agreed upon from the original contractor until after the expiration of the thirty days, or he may see to it that the subcontractor and materialman are paid as the work progresses, or he may indemnify himself by bond, as prescribed in the third section of this act."

The court then said that the objection that subcontractors and materialmen be given liens for the aggregate of their claims, though in excess of the price agreed upon by the owner and original contractor, was not well taken.  The court said this particular act places no limit upon the amount of such liens that may be fastened upon the owner's property, but is silent upon that subject, and then said that what the effect of this would be, if there were no other legislation on the subject, need not be considered, as the fact is that, by section 2, chapter 118, Acts 1845-46 (Shannon's Code, section 3544)—"A limitation was expressly made in the following words: 'The claims thus secured by lien for work and labor done, and materials furnished shall in no case exceed the amount agreed to be paid by the owner or proprietor in his original contract with the undertaker.' "

Now referring to the liens created by section 3540, in the case of *Green* v. *Williams,* 92 Tenn., 220, 21 S. W., 520, 19 L. R. A., 478, this court said that the statute gives the lien to several classes of persons; that the lien of each depends upon the statute, and is not derived from the right or dependent upon the existence or nonexistence of the lien of any other.  This case also discusses the ques-

tion of when the lien begins. On this question the court said:

"Now the act amended by the two acts we have cited clearly provided that the lien should begin when the work began, or when the delivery of materials began, provided notice was given of the intent to rely upon the lien before the work began or the delivery of materials began. The effect of the amendment is not to postpone the beginning of the lien, but to postpone the time when the notice may be given of the intent to rely on the lien. The lien begins when the delivery begins. It is lost if notice be not given within the time specified in the statute. Any other construction would defeat the purpose of the act."

It is true that in the case of *Bird Bros.* v. *Southern Surety Co.,* 139 Tenn., 11, 200 S. W., 978, this court, in holding that a claimant acquired no rights under this statute by filing a petition seeking to assert his lien, unless the notice had been served, said that—"'Until notice was served upon the owner and a lien thus fixed, the petitioner had nothing against the property upon which it could sue. It had no standing in court—no right to assert."

That, however, was a case where a claimant was seeking to establish his lien without serving the notice required by statute, and it was simply held that this could not be done.

The mechanics' lien statutes are strictly construed against those seeking to come within them, but are liberally construed as to the inclusion of property and subjecting it to the lien; but they are not to be given a strained construction in order to bring one within their provisions, and unless the statute gives the lien, the

party has none. *Nanz* v. *Park Co.,* 103 Tenn., 299, 52 S. W., 999, 47 L. R. A., 273, 76 Am. St. Rep., 650.

Complainant insists that Mrs. Loftin got the benefit of the material furnished by him; that she could have protected herself against liability by the means heretofore pointed out; that in fact no lien was or has been established against her property except his; and that as his lien is less than the contract price, he is necessarily within the provisions of the statute, and he is entitled to a lien for the balance due him.

On the other hand, Mrs. Loftin insists that her liability for the improvement is limited by her contract to $1,900, and if complainant's insistence is tenable she will be forced to pay considerably more than the contract price for the improvement.

Mrs. Loftin has paid the laborers in full, and has paid a part of complainant's account for materials. It is clear, therefore, that she has paid no claim which would not have been a lien against her property if the claimant had given the notice and followed the statute upon failure to receive his pay.

The court of civil appeals says in its opinion: "Is Mrs. Loftin to be penalized because she did not refuse to advance the money to pay laborers and materialmen, and because she did not force each claimant to give the notice and follow the notice by suit within ninety days? And has she lost any rights, and has complainant gained any rights, or placed himself upon any higher ground than he formerly occupied, by any acts of the defendant, Mrs. Loftin? We think complainant's rights are fixed by the statutes, in connection with the rights of all others in the same class under the statute."

150 Tenn.—10.

It is manifest that every laborer and materialman who performed labor and furnished materials for the improvement was entitled to his lien; he could have enforced this lien by notice and suit, and, if all had been forced to give notice and sue, there is no question but that each one would have been entitled only to a lien for the proportionate part of the contract price, and complainant could not have had a lien for his entire material account. The total liens could not have exceeded the contract price. Therefore it is neither equitable nor within the purview of the statutes to say that, because Mrs. Loftin has paid some of these claims that might have been established as liens by notice and suit, so that the balance now owing is less than the contract price, there is but one lien, and that it is less than the contract price. Every other claimant was entitled to the same lien, and it must be presumed would have brought suit after due notice, as all are presumed to know their legal rights and will pursue them if necessary. We do not think Mrs. Loftin was compelled to force all claimants to give notice and assert their claims by suit in order to preserve her rights under the statute. Complainant has not been prejudiced by the fact that Mrs. Loftin paid a portion of the claims which could have been asserted as liens against her property. As said by the court of civil appeals, to hold otherwise would encourage litigation by forcing each possible lien claimant to give notice and bring suit to establish his lien by a judgment of court. This construction is not unjust to complainant. He had the right to a lien against Mrs. Loftin's property, along with all materialmen and laborers, in proportion to material furnished and limited by the original contract

Richardson v. Lanius.

price. If all had been forced to sue, they would have gotten only their *pro rata* part. Some were not forced to sue, but this did not prejudice complainant. He still has his right to a lien for his *pro rata,* and, therefore has lost nothing. We think this is a proper construction of the statute, and is manifestly just and equitable.

It results that the decree of the court of civil appeals will be modified in the particulars indicated. In all other respects it is affirmed.

The costs accruing in this court and in the court of civil appeals will be paid by complainant.