## ANNIE G. TRAYLOR v. CHARLES H. SIMS et al.

Western Section.   July 1, 1927.

No petition for Certiorari was filed.

1. **Mechanics' liens.   Evidence.   In an action under the mechanics' liens statute to have various lien claimants share pro rata where the outstanding claims are greater than the contract, it is necessary for the owner to show that there are valid liens in excess of the actual contract price.**
   In an action by the owner of property bringing in all the liens claimed, where it was sought to pay them pro rata because the amount of the outstanding claims exceeded the contract price, held that the burden of proof was upon the plaintiff to show the contract price and that after paying all other valid liens on the property there was not enough of the contract price remaining to satisfy the claim of the particular defendant.

Appeal from Chancery Court, Shelby County; Hon. D. W. DeHaven, Chancellor.

Affirmed.

W. G. Cavett, of Memphis, for appellant.

Gilliland & Gilliland, of Memphis, for appellee.

HEISKELL, J.   On October 30, 1925, Mrs. Annie G. Traylor filed this bill against Charles H. Sims and others.

She charged that she had an oral contract with Charles H. Sims to do the remodeling, repairing and building her house at 2093 Union avenue into two apartments or duplex apartments for the sum of $2800; that she had paid out certain moneys and that various parties were claiming materialmen's liens, and she there-

fore made the Memphis Lumber Corporation, John A. Denie & Sons Company, Eberle Plumbing Company, E. W. Smith Hardware & Paint Company, Nelson Lime & Cement Company, and H. A. Carroll & Company, defendants. Mrs. Traylor claimed the $2800 was the price she was to pay Sims for all the materials and labor and the various parties were setting up claims aggregating about $3800 including payments made, and the purpose of this suit was to prevent a multiplicity of suits, and as the Memphis Lumber Corporation had already sued but had not gotten service on her and as others were threatening to sue, Mrs. Traylor sought to invoke the law as settled in Tennessee in the case of Richardson v. Lanius, 150 Tenn., 133, and prorate the $2800 among the various claimants. Mrs. Traylor asked that any other parties who made any claim of lien against her property for labor or materials furnished be made a party defendant.

On November 23, 1925 John A Denie & Sons Company filed an answer and cross-bill and set up a claim and attached her property for the sum of $143.42.

On November 23, 1925 John A. Denie & Sons Company filed a claim of $318.42.

On November 27, 1925, Charles H. Sims filed his answer and cross-bill charging that he was acting as her agent and that he did not agree to do the work for $2800 and set up his claim for $185.

On November 30, 1925, the E. W. Smith Hardware & Paint Company filed its answer and cross-bill, setting up a claim of $176.90.

On April 15, 1926, the Eberle Plumbing Company filed its answer and cross-bill for $275.

On November 17, 1925, H. A. Carroll & Company filed its claim for $24.46.

The claim of Nelson Lime & Cement Company for $35.60 seems to have gotten lost but this claim is admitted and uncontradicted in the letter of Charles H. Sims of May 21, 1925.

The Memphis Lumber Corporation failed to file its answer and pro confesso was taken against it and on March 22, 1926, this defendant came in and asked the pro confesso be set aside and that its bill filed August 17, 1925 be treated as an answer and cross-bill, which was accordingly done. In this claim the Memphis Lumber Corporation set up a claim of $476.66. All of these claims were compromised and paid and the cross-bills accordingly dismissed except the claim of the Memphis Lumber Corporation and the claim of Charles H. Sims.

The case was tried before Hon. D. W. DeHaven, Chancellor on oral proof and jury waived on the fourth day of October, 1926.

The court on November 15, 1926, rendered a decree in favor of the Memphis Lumber Corporation for the sum of $476.66 together

with $23.84 interest, making a total of $503.50, but the court denied the claim of Charles H. Sims for $185 alleged commission. The court found that Mrs. Traylor had paid to Sims in full the price agreed between them and various defendants not including the Memphis Lumber Corporation about $3321.

On November 22, 1926, Mrs. Traylor moved the court for a new trial.

The court finally overruled said motion on January 23, 1927, to which action of the court, Mrs. Traylor duly excepted and presented her bill of exceptions which was approved, .gave bond and appealed this cause to this court.

The suit having been compromised and settled as to all claims except that of the Memphis Lumber Company and the various cross-bills of all other claimants than the Lumber Company having been dismissed and Sims not having appealed from the decree against him, the case stands now between Mrs. Taylor and the Memphis Lumber Corporation alone.

The Chancellor held the burden of proof on Mrs. Traylor to show that the contract price for the work done by Sims was $2800 and that this was not established. That Mrs. Traylor had paid to Sims and other defendants not including the Memphis Lumber Corporation about $3321 but that the proof failed to show the amount of valid and existing liens which she had settled. That Sims failed to show anything due him. Therefore the claim of Sims was denied and his cross-bill dismissed and the claim of the Memphis Lumber Corporation was allowed in full and a lien decreed in favor of same.

It is not necessary to follow the assignments of error. It is claimed that the court erred in holding that the burden of proof was on Mrs. Traylor to show that the contract price was $2800 and that this fact was not established because the Memphis Lumber Corporation had so alleged in its original bill agreed to be considered as a cross-bill to the bill of complainant, Mrs. Traylor and that therefore as to this defendant the fact was necessarily established that the contract price was $2800. That is to say, it was error to hold that the burden of proof was on Mrs. Traylor, and if it was, the fact was necessarily established. We think it is not necessary to discuss or determine these questions because they are not determinative of the case. It may be conceded that the contract price between Sims and Mrs. Traylor for work on the house was $2800 and yet the decree is right. The burden of proof was upon Mrs. Traylor not only to show that the contract price was $2800 but that after paying all other valid liens on the property there was not enough of the $2800 remaining to satisfy the claim left unpaid, that of the Lumber Corporation. This is

essential to the relief sought by complainant and this the proof does not show. The Chancellor says the proof shows payment to Sims and others of $3321 but he also says:

> "Complainant, Mrs. Taylor, made settlement with other lien claimants than Memphis Lumber Corporation, and orders were entered dismissing the bills of the other lien claimants. Whether or not these other lien claimants, in fact, had valid lien on said property of the amounts of their alleged indebtedness does not appear from any proof in the record. No proof on this point was offered in the hearing of this case. It is the assertion of Mrs. Traylor that the contract price for the improvements was $2800 and that her liability to lienors can not exceed this amount. She had no contract with Sims at $2800 for the improvements. The Memphis Lumber Corporation is entitled to enforce its lien for the full amount of its claim."

The record bears out this finding and it is conclusive. Even if as between complainant, Mrs. Traylor, and the Memphis Lumber Corporation the amount of the contract must be taken as $2800, yet in failing to show the amount paid out in settlement of valid liens or the amount remaining due on valid existing liens, the complainant has failed to establish her right to require the Memphis Lumber Corporation to prorate its claim. It follows that all assignments of error must be overruled and the decree of the Chancellor affirmed. A decree will be entered here against the appellant and her surety on the appeal bond for the amount of the decree of the lower court, interest and costs. Our Petition for Rehearing.

The petition complains of this part of the opinion in this case, as follows:

> "The burden of proof was upon Mrs. Traylor not only to show that the contract price was $2800, but that after paying all other valid liens on the property, there was not enough of the $2800 remaining to satisfy the claim left unpaid, that of the Memphis Lumber Corporation. This is essential to the relief sought by complainant's suit, and this, the proof does not show."

and also of a quotation from the findings of fact of the Chancellor as follows:

> "Complainant, Mrs. Traylor, made settlement with other lien claimants than Memphis Lumber Corporation, and orders were entered dismissing the bills of the other lien claimants, whether or not these other lien claimants, in fact, had valid liens on said property of the amounts of their alleged indebtedness does not appear from any proof in the record. No proof on this point was offered in the hearing of his case. It is the

assertion of Mrs. Traylor that the contract price for the im-
provements was $2800 and that her liability to lienors cannot
exceed this amount. She had no contract with Sims at $2800
for the improvements. The Memphis Lumber Corporation is
entitled to enforce its lien for the full amount of its claim.''
As to this last it is said it was an afterthought on the part of the
Chancellor and not to be considered as a valid finding of facts.
If this be conceded this court can and does find the same facts
from the record.

The petition insists that the opinion is in conflict with Richard-
son v. Lanius, 150 Tenn., 146. In that case the proof established
the contract price and the amount paid on claims. It appears that
during the progress of the work and before the building was fin-
ished the owner paid claims of laborers. These amounts presum-
ably were paid under the supervision and with the approval of
the contractor, and therefore may be taken to have been such
claims as could have been fixed as liens and the court, might well
find it would be presumed that liens would have been fixed on the prop-
erty for these claims if they had not been settled before it was neces-
sary to fix liens. In this present case no such condition exists. After
the building was finished this suit was brought by the owner to
round up all claimants against the property and a number of claims
are filed. There is nothing from which their validity can be pre-
sumed. They were compromised and the claims dismissed, nothing
to show what was paid, nothing to show that claimants were not
induced to settle by threat to contest validity of lien. Besides the
contract price is not established. As we said before we do not think
this is material as long as the amount paid in settlement of claims
is not shown. Unless the amount paid is established there is no
basis upon which to compute the amount to which complainant is en-
titled on a pro rata basis.

In the case of Richardson v. Lanius, supra, the court says, ''Mrs.
Lanius has paid the laborers in full, and has paid a part of com-
plainants account for materials. It is clear, therefore, that she
has paid no claim which would not have been a lien against her prop-
erty if the claimant had given notice and followed the statute
upon failure to receive his pay.''

We take it the court does not mean that if it appeared that enough
claims had lost their liens to leave enough of the contract price to
cover the lien sued on that it could not recover in full. Liens
barred by lapse of time, we take it, cannot be revived in order to
pro rate with complainant. It must be clear that the claims are
either liens or potential liens and the amount must be clear. We
did say in the original opinion that we considered it immaterial
whether the contract price had been established, but if it be con-

sidered important we approve the finding of the Chancellor that the proof does not establish this. We did not intend to adopt the finding of the Chancellor that the owner had paid out $3321, wc say it is not clear from the record what amount was paid by Mrs. Traylor and if this appeared it would not be clear what amount had been paid in satisfaction of existing fixed or potential liens. The petition for rehearing is denied.

Owen and Senter, JJ., concur.