## CARMACK V. LOVETT.

1. FRAUDULENT CONVEYANCE: *Consideration expressed in deed conclusive.*
   A party claiming under a deed which is attacked as fraudulent, can not support it by showing a different consideration from that expressed on its face.

2. FRAUDULENT CONVEYANCE: *Homestead.*
   Lovett conveyed his lands, except forty acres on which he resided as the head of a family, to his children, in fraud of his creditors. In an action in equity by a creditor to set aside the conveyance and subject the land to his debt; *held,* that Lovett could hold 160 acres, including the forty on which he resided, as a homestead.

3. PRACTICE IN SUPREME COURT: *Reopening chancery causes.*
   Although where a cause has been heard upon evidence, or after a fair opportunity to produce it, this court will not usually remand it solely to give either party an opportunity to produce other evidence; yet the rule is not imperative. This court has the power, in furtherance of justice, to remand any cause in equity to be opened.

APPEAL from *Boone* Circuit Court in Chancery.
Hon. J. P. PEEL, Special Judge.

*O. W. Watkins* for appellant.

Where consideration is impeached for fraud, party claiming under the deed cannot aver in its support considerations different from that expressed in the deed. (*Kerr on Fraud and Mistake, p. 191, and authorities.*) Where deed is assailed by creditors, no evidence is admissible which contradicts the deed or changes its character. *1 Bump on Fraud. Conv. (3d ed.), top pp. 596–598–9 and 42–43; Condensed Rep. La., vol. 2, 334; Ib., vol. 3, p. 102; 1 Johns., 139; 7 Johns. Chy., 341; 30 Ark., 417.*

As to who are such creditors, see *Bump, p. 502–3–4–5.* As to time liability accrues. *Ib., 507–8; Kerr on Fraud, etc., notes to p. 198.*

EAKIN, J. Appellant (Carmack) obtained judgment at law against John Lovett, as surety upon the bond of complainant's guardian, executed in 1871. There was execution and return of *nulla bona*.

He then filed this bill to set aside, as fraudulent, a conveyance of lands which Lovett, after having become bound on the bond, had executed to his children, alleging that it had been made "without any consideration of value." The grantees in the conveyance were the children of Lovett, some of whom were adults. The deed itself is copied in the transcript, and, although not marked so as to identify it with the paper which the complainant proposed to exhibit, seems to have been taken as such. For the purposes of this case, it cannot be taken as part of the pleadings. (*38 Ark., 134, in case of Sorrells v. McHenry.*) The foundation of this suit was the fraud alleged in its execution, and not the right to enforce any provisions of the deed itself.

John Lovett answered separately, and the other defendants, his children, answered together. All deny the fraud and claim that the conveyance was made in good faith and for valuable consideration, being in effect this: That several of the sons had remained with the father some time after arriving at age, and had worked for him upon the lands in support of the family; and had paid taxes, furnished means to carry on the labor at their own cost, and made valuable improvements equal in value to the land itself. That this had been done in accordance with an understanding with the father, to the effect that he would convey the property to them as a means of keeping up and supporting the family. As to the daughters, it is said that they have continued to render domestic services faithfully for the common use, and the brothers were willing that they should share in the property. Wherefore,

Carmack v. Lovett.

the conveyance was made of the tract, with the exception of forty acres, which the father reserved to himself.

John Lovett, in his answer, further sets up that he resides upon forty acres of his lands not conveyed to his children, and that he is a citizen and head of a family. He asks that if his deed to his children be held fraudulent under the circumstances, he be allowed to retain as a homestead 160 acres of the land, including the forty upon which he lives.

The complainant filed one joint demurrer to both answers, which was in effect a general demurrer; but stated, as one of the grounds upon which it should be sustained, that the answers set up a different consideration from that shown in the deed, and inconsistent with it.

At a subsequent term the demurrer to the answer was overruled, and, in the same order, it is recited that the cause was submitted upon the complaint and answer. The court rendered judgment for defendant for costs, and dismissed the complaint. The plaintiff appealed.

No evidence was introduced on either side. Not even the exhibits can be considered on demurrer, and the recital shows that the hearing was upon bill and answer. It was evidently not the intention of the parties to submit the case upon the final merits, as they might be found on proof under the issues made, but to bring up, on the demurrer, the point presented with regard to the consideration.

1. FRAUDU-
LENT CON-
VEYANCE:
Consider-
ation ex-
pressed in
deed con-
clusive.
The authorities are in conflict with regard to the right of a person claiming under a deed, which is attacked as fraudulent, to support it by showing a consideration different from that expressed on its face. It is useless to review them. It was deliberately decided by this court, upon careful examination of the authorities, that it could not be done. The answer of the children defendants confessed that the deed expressed upon its face that it was made

Carmack v. Lovett.

for the consideration of love and affection.    There was also a consideration of a dollar paid by each grantee, but that is the usual form of conveyancing, and must, *prima facie*, be considered as nominal.

The ruling on the question of law raised by the demurrer was made in the case of *Galbreath, Stewart & Co. v. Cook and wife, 30 Ark., 417.* We conceive that it is well supported by a great preponderance of authority, English and American. The answer of the children showed no valid defense which they could be allowed to maintain. The demurrer as to their answer should have been sustained.

The answer of the defendant, the father and grantor, sets up a valid claim to a homestead to the extent of 160 acres of the land, including the forty acres upon which he lived. He defines his claim by metes and bounds which render all the lands so claimed fairly contiguous, and asks in the alternative that if the conveyance be held void, he be allowed to hold that as his homestead. This he has a right to do.

2. SAME: Homestead.

It was held in *Turner v. Vaughan* that where, in an action by creditors, a deed is held fraudulent, the grantor may nevertheless, in that action, claim his homestead in the lands. (*33 Ark., 454.*) But conceding all that John Lovett claims in this regard, it would not preclude the complainant from proceeding against the land not included in the homestead claim.

Although where a cause has been once heard upon evidence, or a fair opportunity to produce it, this court will not usually remand a cause solely to give either party an opportunity to produce other evidence, yet the rule is not imperative. The court has the power, in furtherance of justice, to remand any cause in equity to be opened. In this case neither party introduced any. The cause being heard

3. PRACTICE IN SUPREME COURT.

Reopening chancery cause.

immediately on overruling the demurrer and dismissed, none was required by defendant, and the complainant evidently meant to appeal from the order overruling the demurrer. We therefore decline to make a final decree here, but remand the cause, with instructions to the court below to sustain the demurrer to the joint answer of the grantees, and take further proceedings, in accordance with this opinion, and the pleadings and practice in equity.

For error in overruling the demurrer to the answer of the grantees, and in dismissing the complainant's bill, reverse the decree, and remand as above directed.