## Long v. Charles T. Abeles & Company.

### Opinion delivered February 24, 1905.

1. Mechanics' lien—rights of contractor.—Under Kirby's Digest, § 4975, providing that "the owner, employer or builder shall pay no money to the contractor until all laborers and mechanics employed on the same and all material furnishers shall have been paid for work done and material furnished," the claims of the contractor are subordinated to the claims of laborers and materialmen. (Page 159.)

2. Same—presumption.—Proof that plaintiff furnished to the defendant's contractor materials which went into defendant's building, and that plaintiff has complied with the law as to notice and the filing of its account, and that the amount charged therefor is less than the contract price, and has not been paid, establishes *prima facie* a right to a lien, and casts upon defendant the burden of showing to the contrary. (Page 159.)

3.  SAME—EQUALITY OF LIENS.—Under Kirby's Digest, § 4979, providing that the liens for work and labor done or things furnished "shall be upon an equal footing, without reference to the date of the filing of account or lien," and § 4975, *Id.,* providing that "nothing herein contained shall be so construed as to give contractors, subcontractors or laborers or material furnishers liens for any greater amount in the aggregate than that contracted for between the employer and contractor," *held* that if such liens are equal to or less than the contract price, they must be discharged by payment in full; but if they exceed the contract price, they must be prorated. (Page 160.)

4.  SAME—EFFECT OF ABANDONMENT BY CONTRACTOR.—Where a contractor abandoned his undertaking after partially performing his work, and the owner, in completing the work as originally designed, is obliged to incur expenses in excess of the contract price, he should be allowed credit, in a settlement with the lien-holders claiming under the contractor, for such sums as he paid out independently of the contractor's debts; and when the aggregate of these sums has been deducted from the contract price, the residue should be prorated among such lien-holders. (Page 160.)

5.  APPEAL—REOPENING CHANCERY CAUSE.—Where a chancery cause was tried upon an erroneous theory, and the proof was not sufficiently developed to enable this court to determine the rights of the parties, the cause will be remanded with instructions to reopen the case and take proof. (Page 161.)

Appeal from St. Francis Chancery Court; EDWARD D. ROBERTSON, Chancellor; affirmed.

This suit was brought by Charles T. Abeles & Company, a corporation, against E. A. Long and T. L. Humphreys in the St. Francis Chancery Court, to fix and enforce a lien for material furnished, amounting to $891.52, alleged to have gone into a building erected by T. L. Humphreys as contractor for appellant. Long denied all the material allegations of the complaint, and alleged *that he had paid out for material and labor a greater amount in the aggregate than the contract price of said building.*

The court found that the plaintiff was entitled to recover from defendants the amount sued for, less credits amounting to $156, and rendered a judgment in its favor for the remainder, with interest, and decreed that the same should be a lien upon the lots upon which the building was erected, and provided for the enforcement of such lien.

Defendant Long has appealed.

*P. D. McCulloch* and *S. H. Mann,* for appellant.

1. The act, being in derogation of the common law, must be strictly construed. Jones on Liens, vol. 2, § 1554; 58 Ark. 81; 86 S. W. 395. If appellee was prejudiced at all by the payment to Humphreys, it would only be to the extent of the payment. 71 Ark. 55. The act confers liens for no greater amount in the aggregate than that contracted for between the owner and contractor. Kirby's Digest, § 4975.

2. The lien has its foundation in the use of the materials furnished upon the premises, putting them into the building and attaching them to the freehold. 15 Enc. Law, 5. The burden is on the furnisher to show that the materials entered into the building.

*N. W. Norton,* for appellee.

The statute provides that the owner pay no money to the contractor until all liens are satisfied. Kirby's Digest, § 4975. There were ample funds of the contract price remaining in the hands of appellant with which to satisfy the claim.

WOOD, J. 1. On the questions of fact as to whether or not the materials were furnished to the contractor, and went into the building of Long, our conclusion is that the court's findings are not clearly against the weight of the evidence.

2. Appellant, Long, *inter alia,* testified that the contract price with Humphreys for the erection of the hotel building was $6,600. The building actually cost $9,637.34. All this amount was paid for material and labor that went into the building. Witness saw that payment was made to the material furnishers and the laborers. None of this amount was paid to the contractor except some small sums for labor that he actually did on the building, amounting to about $60. Appellant contends that under this proof appellee has no lien.

Section 4970 of Kirby's Digest gives every person who shall furnish any material for any building under any contract with the owner, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of the act, a lien upon such building.

Section 4975, Kirby's Digest, provides that "nothing herein contained shall be so construed as to give contractors, subcontractors, or laborers, or material furnishers liens for any greater amount in the aggregate than that contracted for between the employer and contractor; provided, that the owner, employer or builder shall pay no money to the contractor until all laborers and mechanics employed on the same and all material furnishers shall have been paid for work done and material furnished."

Section 4979 provides: "The liens for work and labor done or things furnished as specified in this act shall be upon an equal footing, without reference to the date of the filing of the account or lien; and in all cases where such a sale shall be ordered and the property sold, which may be described in any account or lien, the proceeds arising from such sale, when not sufficient to discharge in full all the liens against the same, without reference to the date of the filing of the account or lien, shall be paid *pro rata* on the respective liens; provided, such account or lien shall have been filed and suit brought as provided by this act."

There is a provision making it the duty of the contractor, whenever any lien is filed by any one but himself, and suit is brought, to defend against the action, and the owner in the meantime may withhold from the contractor the amount of such lien; and, if judgment be recovered against the owner, he shall be entitled to deduct the amount of such judgment from any amount due by him to the contractor. Section 4978, Kirby's Digest. Under another provision the owner may at any time apply to the contractor or subcontractor for a list of all parties doing work or furnishing materials for the building and the amount due to each." Section 4980.

The provisions of the statute show that the claims of the contractor are subordinated to the claims of laborers and materialmen, following what is known as the Pennsylvania, rather than the New York, system. Boisot on Mech. Lien, § 225.

Appellee, having complied with the law as to notice and the filing of its account with the circuit clerk (which is not denied), and having shown that it furnished the materials to the contractor which went into appellant's building, and that the amount charged for such materials is less than the contract price, and has

not been paid, establishes *prima facie* its right to a lien, and casts upon appellant the burden of showing to the contrary.

As we construe the provisions of the statute, every person who furnished materials to the contractor that went into appellant's building, and who had complied with the law for preserving his lien, had a lien for the amount of the materials furnished, and this lien was on an equal footing with all other liens under the contract. If such liens were equal to or less than the contract price, they had to be discharged by payment in full; if they exceeded the contract price, they had to be prorated. So, appellee, having complied with the law as to notice and the filing of its claim with the circuit clerk, could not be defeated of its lien by any payments that appellant may have made to other *bona fide* lien claimants, under the contract. Appellant could not discriminate between those who were entitled to liens under the original contract. He could not pay one and refuse another. To discharge appellee's claim for a lien, it was necessary to include it in any payment that was made of the *bona fide* claims under the contract. It could not be ignored entirely and defeated by the payment of other claims in full that had accrued under the contract, where the amount of these claims exceeded the contract price. In such case appellee's claim would be entitled to its *pro rata*. To the extent that *Barton* v. *Grand Lodge,* 71 Ark. 35, may be in conflict with this, it is overruled.

But it is not contended that appellee's claim for a lien was discharged by payment, either in full or *pro rata.* The defense here is, no lien. To make this defense good, it was necessary for appellant to allege and prove that, after the abandonment of the contract by the contractor, appellant had paid out an amount in excess of the original contract price, in order to complete the building according to the plans and specifications of the original contract. He would have to show that the amount thus paid was independent of the contract.

Now, at the time of the abandonment of the contract by Humphreys, the contractor, appellant had expended $4,908. He expended $9,637.34 in all. The difference between these sums, towit, $4,729.34, is the amount expended after the contract was abandoned. If any of this $4,729.34 was for paying off claims that had accrued under the contract before it was abandoned,

appellant would not be entitled to credit for such amount. He should be allowed credit for only the sums he paid out independently of the contract, and after the contract was abandoned, in order to complete his building as originally designed. Such amounts he would be compelled to pay, or else leave his building unfinished. None of the original lienholders under the contract could be paid until these amounts were first satisfied. When the aggregate of these sums is taken from the contract price, the residue is for the holders of liens under the contract.

It is clear that the cause was tried below upon an erroneous theory. The court erred in allowing appellee the full amount of his claim after deducting certain credits. But we are unable to ascertain from the proof before us just what amount should be allowed. As was said by Judge COCKRILL in *Meher v. Cole,* 50 Ark. 361: "Too much is left to inference for this court to be able to undertake to adjust the rights of the parties with any hope of approximating the equities of the cause. Both sides are at fault."

In furtherance of justice we think that the judgment should be reversed, the cause remanded and reopened, so that the parties may amend their pleadings, if desired, and take proof, and have the case determined upon the principles here announced. *Carmack v. Lovett,* 44 Ark. 180.

So ordered.