## GAITHER *v.* GAGE.

### Opinion delivered February 25, 1907.

1. TAXATION—EXCESSIVE LEVY OF COUNTY TAXES.—Under Const. 1874, art. 16, § 9, providing that "no county shall levy a tax to exceed one-half of one per cent. for all purposes, but may levy an additional one-half of one per cent. to pay indebtedness existing at the time of the ratification of the Constitution," a levy of six mills on the dollar for county purposes is excessive, and renders void all tax sales based thereon. (Page 55.)

2. LIMITATION OF ACTIONS—PAYMENT OF TAXES.—One who relies upon the seven years statute of March 18, 1899, must allege and prove that the land was unimproved and uninclosed, in order to bring the payments of taxes within the operation of the statute. (Page 55.)

3. SAME—JUDICIAL SALES.—Kirby's Digest, § 5060, providing that "all actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales shall be brought within five years after the date of such sale," does not run against persons who were not parties nor bound by the suit in which the sale was made. as to give title by limitation. (Page 56.)

4. SAME—JOINDER OF PAYMENT OF TAXES WITH ACTUAL POSSESSION.—Payment of taxes on land for a portion of the period of limitation of seven years, while the land was unimproved and uninclosed, may be joined to actual adverse possession for the remainder of the period so as to give title by limitation. (Page 56.)

5. EQUITY—REOPENING CASE.—Where it is apparent that a chancery suit was tried upon a wrong theory, and that the facts were not fully developed below, the cause will be remanded with directions to permit the parties to amend their pleadings, and take further proof, if they desire. (Page 57.)

6. SAME—JURISDICTION TO QUIET TITLE.—Where, in suit to quiet title to land, defendant in his answer sets up adverse possession and by cross complaint asks that his title be quieted, equity has jurisdiction. (Page 58.)

Appeal from Mississippi Chancery Court; *E. D. Robertson,* Chancellor; reversed.

*J. T. Coston,* for appellants.

1. As to the Gage tract: The tax sale was void, the levy for 1875 being three mills, and for 1876 one mill, in excess of the constitutional limit. Art. 8, § 9, Const. Void also because the sale was made on June 11, 1877, a day not provided by law for tax sales at that time. 33 Ark. 749; Gantt's Dig. § 5188.

The land sold for penalty and cost alone, contrary to the provisions of the law. 56 Ark. 96.

2. The application of the act of March 18, 1899, which this court construed in 74 Ark. 302, is in express terms limited to unimproved and uninclosed land. 97 S. W. 448; 81 Ark. 258. Where one seeks to establish title under the statute of limitations, if he relies on actual possession, he must plead and prove it; if he relies on the statutory possession created by payment of taxes, the burden is on him to prove both the payment of taxes and that the land is unimproved and uninclosed. 94 S. W. 931.

3. As to the Campbell tract: The five-year statute of limitations applies only to parties whose rights were heard and adjudicated, and plaintiffs were not parties to the foreclosure suit against Lanier. Confirmation cures irregularities in the sale or the order therefor, but not jurisdictional defects. 84 S. W. 1046. While the lapse of five years cures irregularities between parties whose rights were adjudicated (54 Ark. 627), its application stops at parties and privies. Strangers to the proceedings are not affected by it. 101 Fed. 98. Actual possession adds nothing to the strength of defendant's title under the five-year statute, for it runs regardless of possession from the time of sale. *Ib.* 99; 22 Ark. 181.

4. If it be conceded that the land was unimproved and uninclosed at the time Campbell took possession, he nevertheless can not work out a title under both the five-year statute and the seven-year statute of tax payments. He must rely on one or the other, not on both: 58 Ill. 57; 96 Ill. 417; 46 Ill. 522.

*S. S. Semmes* and *G. W. Thomason,* for appellees.

1. As to the Gage tract: If the tax levies were excessive, this would not vitiate the tax sale unless it is shown that an excessive tax was actually assessed against the land, and the land sold for such excessive tax, and this is not proved. But neither the levy of 1874 nor of 1876 was excessive. At the time the levy was made in 1874, a total of twelve and one-half mills could lawfully be levied. Acts 1873, p. 367. The actual levy was ten and one-half mills.

In 1876 an aggregate of ten mills was levied, and this was permitted where a county indebtedness existed. Const. 1874. The date of sale, June 11, 1877, was the time provided by the law then in force, *i. e.,* the second Monday in June. Act March 9, 1877, § 2. There is no foundation for the contention that the sale was made for penalty and costs only.

2. It is sufficiently shown, as appears by the record, that the land was wild and uninclosed. But, independently of this, the petition was rightfully dismissed. In order to confer jurisdiction upon the court in confirmation of titles under the act of 1899, it is imperative that the petition should allege that there is no adverse occupant of the land to which title is sought to be confirmed. If it be made to appear that the land is in adverse possession of some other person than petitioner, the petition should be dismissed.

3. As to the Campbell tract: The principle that parties only are bound by judicial proceedings is conceded, but the legislative power to enact statutes of limitation barring all the world must also be conceded. 16 Ark. 628; 19 Am. & Eng. Enc. of Law, 167.

Where the Legislature makes no exceptions in a statute of limitations, the courts can make none. 6 Ark. 14; 13 Ark. 291; 24 Ark. 487. See, also, 53 Ark. 400.

4. As to appellee's claim of seven years payment of taxes, if the land was unimproved and uninclosed when he commenced paying the taxes on it, why should he not be permitted to go upon the land, take actual possession, and tack the time of actual possession coupled with continuing tax payments to the time of previous payment of taxes so as to make out his seven years payments under the statute? Common sense as well as justice would seem to justify the conclusion that the two could be tacked together.

*J. T. Coston,* for appellant in reply.

In the tax levy for 1876, the levy of four mills for county indebtedness was valid, but the levy of six mills for other purposes exceeded the constitutional limit by one mill, and rendered the levy invalid. Const., art. 16, § 9.

McCULLOCH, J. Appellants, Gaither and others, instituted proceedings *ex parte* in chancery to confirm title to various tracts of land described in their petition, setting forth their title thereto and alleging that the lands were wild and unimproved. Various parties appeared in the proceedings to resist the confirmation, claiming title to the several tracts, among them being appellees, W. A. Gage & Company, who claimed title to a tract containing 80 acres, and Robert Campbell, who claimed title to a tract containing 40 acres. Each of these parties filed answers and cross-complaints, denying that the petitioners had title to the lands described, setting forth their respective claims of title, and asking that their titles be quieted.

Gage & Company claimed title under a sale by the collector on June 11, 1877, for taxes for the years 1873, 1874, 1875 and 1876; they also alleged that they had paid the taxes on said land under color of title for more than seven years, three payments being after March 18, 1899, and pleaded the seven-year statute of limitations. They did not, however, allege that the lands were unimproved and uninclosed. Appellants answered the cross-complaint, attacking the validity of the tax sale, but admitting that Gage & Company had paid taxes on the land for more than seven years and that three of such payments had been made since March 18, 1899.

Appellee Campbell asserted title to the tract claimed by him under a sale by commissioner of the chancery court under decree of said court, and he alleged that he and those under whom he claimed title had been in actual, adverse and notorious possession of said land continuously for more than seven years next before the filing of appellant's petition for confirmation. He also alleged that they had paid taxes for more than seven years, three payments having been made since March 18, 1899, and pleaded the five-year statute of limitations under the judicial sale and also the seven-year statute. Appellants answered this cross-complaint, and admitted that Campbell and those under whom he claimed title had paid taxes on said land for seven years, and had been in actual possession for five years, but denied that such actual possession had continued for seven years.

Before the final hearing of the cause appellants amended their original petition, having obtained leave of the court to do so,

by striking out the allegation to the effect that the lands were unoccupied and inserting in lieu thereof an allegation that the lands were in the possession of the cross-complainants.

The court rendered a final decree dismissing the complaint for want of equity, and the petitioners appealed.

Appellants hold the original title to both the tracts of land in controversy. They attack the validity of the tax sale of the Gage tract on the ground that the levy of taxes for the year 1876 exceeded in amount the constitutional rate and was therefore void. To sustain the attack they show by proper evidence that for the year 1876 the levying court of Mississippi County levied six mills on the dollar for county purposes and four mills to pay all indebtedness. This exceeded the limit prescribed by the Constitution, and rendered the tax levy and all subsequent proceedings thereunder void. The Constitution provides that "no county shall levy a tax to exceed one-half of one per cent. for all purposes, but may levy an additional one-half of one per cent. to pay indebtedness existing at the time of the ratification of the Constitution." Const., art. 16, § 9. The fact that the whole levy for all county purposes was not in excess of one per cent. did not render it valid.

It is admitted in the pleadings that Gage & Company paid taxes on the land claimed by them continuously for more than seven years next before the commencement of the suit, and that three of such payments were made since March 18, 1899, but it does not appear either in the pleadings or proof that the land was unimproved and uninclosed. It was necessary to show this fact in order to bring the payments within the operation of the statute, and the burden of proof was upon the party invoking the benefit of the statute. *Price* v. *Greer,* 76 Ark. 426; *Calhoun* v. *Moore,* 79 Ark. 109. The plea of the statute of limitation can not, therefore, be sustained upon this record.

Campbell pleads the five-year statute of limitations under a judicial sale made in a cause in which neither of the appellants nor their privies in title were parties. They were not bound by the sale, not having been parties to the proceedings, and the statute did not run against them. This court has held that the statute runs from the date of the completed sale, regardless of the time when possession is taken. *Mitchell* v. *Etter,* 22 Ark. 181;

*Cowling* v. *Nelson,* 76 Ark. 146; *Gavin* v. *Ashworth,* 77 Ark. 242. This being true, if the statute could be construed to apply to persons who were not parties to the proceedings in which the sale was made, then it would be possible for the owner to lose the title to his property by a statute of limitation where the land was neither held adversely by another nor divested by a judgment in a suit to which he was a party. If we concede to the Legislature the power to enact a statute to that effect, we can not presume that such a harsh and unjust interpretation of the language employed in this one was intended. The United States Court of Appeals for the Eighth Circuit has held that the statute runs only against parties to the proceedings and their privies. *Alexander* v. *Gordon,* 101 Fed. 98. We think that is undoubtedly the correct construction of the statute.

It is admitted in the pleadings that Campbell had actual, adverse possession for five years before the commencement of the suit, but not for seven years. He pleaded both the five-year and the seven-year statutes of limitation, and also pleaded payment of taxes for seven years. There was no proof introduced as to the possession. It was also admitted that he paid taxes for seven years, but no proof was introduced as to whether the land was unimproved and uninclosed. The plea of limitation is, therefore, not sustained. The burden of proof, as we have already said, was upon the party invoking the statute of limitation to show that he has held actual, adverse possession continuously for the statutory period or that the land was unimproved and uninclosed when he paid taxes thereon.

It is contended by appellants that payment of taxes on the land for a portion of the statutory period of limitations while it was unimproved and uninclosed could not be joined to actual possession for the remainder of the period so as to give title by limitation. In other words, that in order to make the plea of limitations good there must either be actual possession for the full statutory period or payment of taxes while the land was unimproved and uninclosed for the full period. We do not agree to that construction. The statute expressly declares that uninclosed and unimproved lands shall be deemed to be in possession of the person who pays taxes thereon under color of title provided he pays for seven years in succession and his possession

begins from the first payment and continues even though he should subsequently take possession. The only condition imposed by the statute is that he shall have paid for seven successive years, three of which payments must have been after the passage of the statute. It would defeat the wholesome effect of the statute to say that the taxpayer forfeited his right to claim its benefit by taking actual possession of the land before the end of the statutory period.

In the State of Washington there is a statute which provides, in substance, that every person who, under color of title, holds actual possession of lands and pays taxes thereon for a period of seven years, or who, under color of title, pays taxes on vacant and unoccupied lands for such period of seven years, shall be held and adjudged to be the owner thereof. The two provisions with reference to lands in actual possession and those which were vacant and unoccupied are in separate sections of the statute. The Supreme Court of that State decided that a claimant could invoke the benefit of this statute who had paid taxes for the full period of seven years, a part of which time he had been in actual possession of the land and the remainder of the time the same had been vacant and unoccupied. The court, in disposing of the question, said: "Clearly, the intent of the Legislature was to confer the legal title to land upon a person who had claim and color of title thereto made in good faith, and who paid the taxes assessed thereon for seven consecutive years, whether such person was in or out of possession; provided, of course, that the land remained vacant while such person was out of possession, and no one else having a better paper title paid taxes thereon. If this be not so, any interruption of a possession, no matter for what cause and for however short a time, would stop the running of the statute. So, likewise, would an entrance on vacant land, if made for the purpose of exercising dominion over it, stop the running of the statute. A party in possession could not quit it for a single instant without losing all benefit of the statute. It is enough if the period during which he is in possession, added to the period during which he is out of possession, equals seven years." *Philadelphia Mtge. & Trust Co.* v. *Palmer*, 32 Wash. 455.

The decree must be reversed as to both these tracts of land; but, as the case was not fully developed below, we do think it

would be just to direct a decree in favor of appellants. The learned chancellor and counsel for appellees were evidently misled by the change in the pleading after the filing of the several answers, whereby the lands were alleged to be in possession of appellees though the petition had originally alleged that the lands were wild and unimproved. It is apparent that the case was tried below upon the theory that the lands were unimproved and uninclosed. It would therefore be unjust not to give an opportunity to develop that fact by proof.

Counsel for appellees contend that the decree dismissing the original petition for want of equity was right because the jurisdiction of the chancery court was ousted by the amendment alleging that the lands were held adversely by appellees. This was not ground for dismissal of the complaint, but, unless jurisdiction was otherwise conferred, would only have called for a transfer to the law court. The cross-complaints of appellees, however, were sufficient to give the chancery court jurisdiction to hear and determine the whole controversy.

The decree of the chancellor as to the Gage and Campbell tracts of land is reversed, and the cause remanded with directions to permit either party to amend their pleadings, if they so desire, and to take further proof, and for further proceedings not inconsistent with this opinion.