## McKay *v.* McKay.

### Opinion delivered February 14, 1927.

1. DIVORCE—FORMER DECREE AS BAR.—A decree dismissing a wife's suit for divorce on the ground of cruel and inhuman treatment, brought before a cause of action for desertion had accrued, did did not bar her subsequent suit on the ground of desertion brought after such desertion had continued for the required year.

2. DIVORCE—BAR OF CAUSE OF ACTION.—A decree of dismissal, in a wife's suit for divorce on the ground of cruel treatment, is conclusive of the fact that the wife was not driven from home by the husband's cruel treatment, in a subsequent action by her on the ground of desertion.

3. DIVORCE—EVIDENCE OF DESERTION.—In an action for divorce on the ground of desertion, evidence that the parties have been separated

for more than a year and that there was no justification for the desertion establishes a *prima facie* case.

4. DIVORCE—DESERTION—COMPLETED CAUSE OF ACTION.—If one spouse leaves another without cause and absents himself or herself from the innocent spouse for a year, a completed cause of action for divorce arises.

5. DIVORCE—DESERTION—OFFER TO RENEW COHABITATION.—One who without cause deserts his spouse for a year cannot, by offering in good faith to return, destroy the completed cause of action for a divorce.

6. DIVORCE—CONDONATION.—Desertion, like any other cause for divorce, may be condoned, but the right of condonation lies with the innocent, and not with the guilty, spouse.

7. DIVORCE—OFFER TO RENEW COHABITATION.—A wife's desertion did not entitle the husband to a divorce on that ground, where, before expiration of a year and maturity of the cause of action against her, she in good faith offered to return and live with her husband.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Price Shofner*, for appellant.

*B. S. Kinsworthy*, for appellee.

SMITH, J. Appellant and appellee were married in 1917 and lived together until October, 1923, at which time they separated. Appellant brought suit for divorce, alleging cruel and inhuman treatment on the part of appellee, her husband. At the trial of this suit in March, 1924, the court denied appellant's prayer for divorce, and dismissed her complaint.

In October, 1924, appellant employed a different attorney and brought a second suit for divorce, alleging, in substance, the same grounds recited in the first complaint; but this suit appears to have been dismissed.

In May, 1925, appellant employed her present attorney and brought this, her third, suit for divorce, in which she alleged that appellee had deserted her. Appellee filed an answer and cross-complaint, in which he denied that he had deserted appellant, but alleged the fact to be that she had deserted him and had continued her desertion for the period of more than one year, and had annoyed him with frivolous suits for divorce, and he

pleaded the decree in the first suit as a bar to the present cause of action.

At the trial from which the present appeal comes the prayer of appellant for a divorce was refused and that of appellee granted. At this trial numerous witnesses were examined, but we think no useful purpose would be served in setting out this testimony in detail.

We think the present suit of appellant is not barred by the decree in the first suit, for the reason that she alleges a different cause for divorce, one which could not have existed when she filed her first suit—that of desertion—as the parties had not been separated a year when the first suit was commenced. I Nelson on Divorce and Separation, § 555.

It is true, as is insisted by counsel for appellee, that appellant left appellee without sufficient cause, and the parties have since been separated for more than a year. The decree in the first cause, wherein cruel treatment is alleged, is not, as we have said, a bar to the present suit, wherein desertion is alleged as the ground for divorce; but the first decree is conclusive of the fact that appellant was not driven from her home by appellee's cruel treatment. The court was correct therefore in holding that it was appellant who had deserted appellee, and not he who had deserted her.

It is true also that the parties have since been separated for more than a year. This makes a *prima facie* case of desertion, inasmuch as appellant had left appellee without justification for so doing, but we think it very clearly appears that, before the desertion had continued for a year—and thereby become a statutory cause for divorce—appellant attempted, in good faith, to effect a reconciliation with appellee. She expressed her willingness and desire to return to appellee and to live with him, and he has shown no cause for refusing to permit her to return, except that she left him and instituted a suit for divorce without having legal right to that relief.

If one spouse leaves another without cause and absents himself or herself from the innocent spouse for the period of a year, a completed cause for a divorce arises, and, when the cause of action has been thus perfected, the offending spouse cannot, by offering, in good faith, to return to the conjugal relation, destroy the right of action which the other has to sue for a divorce. Desertion, like any other cause for divorce, may be condoned, but the right of condonation lies with the innocent spouse, and not with the guilty one.

In the chapter on Divorce and Separation in 9 R. C. L., § 148, it is said: "If a statute declares that divorce may be granted for desertion for a time specified, there seems to be no dissent from the proposition that desertion continued for such period creates a perfect right to a divorce which it is beyond the power of the party in the wrong to destroy without the consent of the other. Hence an offer to discontinue the desertion and return to and live with the deserted spouse, though made in good faith and before the institution of any suit for divorce, cannot, unless accepted, constitute any defense to such suit." The cases cited in the note to the case of *Allen* v. *Allen,* 73 Conn. 54, 46 A. 242, 84 A. S. R. 135, sustain the text quoted.

But, before the desertion had continued for a year— and therefore before appellee's cause of action had matured—appellant offered more than once, and, we think, in good faith, to return to and live with appellee, and when she did this the desertion on her part ceased.

We conclude therefore that the court was in error in holding that appellant had deserted appellee.

In the case of *Griffin* v. *Griffin,* 166 Ark. 85, 265 S. W. 352, we said that "the court cannot grant a divorce because the parties have become dissatisfied with the marriage yoke. In such cases the parties must, by mutual concessions, make the yoke lighter."

Appellant, by her recantation and offer to return to appellee, terminated the desertion, and she did so before her desertion matured as a cause for divorce in appel-

lee's favor, and it was error therefore to grant him a divorce.

. We have concluded that the decree granting appellee a divorce should be set aside, and it is so ordered, and the cause will be dismissed.