Woodcock *v.* Woodcock.

4-6329                                         152 S. W. 2d 1013·

Opinion delivered July 7, 1941.

*Jay M. Rowland, E. C. Thacker* and *Roy Mitchell,* for appellant.

*A. T. Davies* and *Murphy & Wood,* for appellee.

Humphreys, J.   This is an appeal from a decree of the chancery court of Garland county wherein appellant was plaintiff and appellees were defendants.

Appellant sought in her complaint to obtain a divorce from appellee, John Woodcock, Jr., on the ground of desertion, and one-third of his estate, most of which he inherited from his father, and an attorney's fee and costs; also by equitable garnishments to impound certain property including bonds, stocks, lands, etc., alleged to be held by the other appellees in trust for John Woodcock, Jr., and subject said assets to the payment of such judgments as she might obtain against John Woodcock, Jr., for her interest in his property.

Appellee, John Woodcock, Jr., denied the grounds alleged for divorce in appellant's complaint and also denied that the other appellees held any of his property in trust for him, and also interposed the further defense that he had no property, having expended all the property which he owned individually when he and appellant married or which he subsequently inherited from his father. He also pleaded *res adjudicata* of all issues involved herein in a suit for divorce and a part of his property filed on June 10, 1938, in which he filed an answer and cross-complaint and which was tried with the result that the trial court denied appellant a divorce and also denied him a divorce on his cross-complaint, and in which appellant was decreed alimony and costs.

This suit was filed as a separate suit on September 7, 1939, and the other appellees were made parties defendant and garnishments were issued against them.

This latter suit was consolidated with the first suit and all pleadings and evidence in the first suit were used in the second suit along with the pleadings and additional evidence introduced in the second suit, which resulted in the following decree:

"On this 9th day of July, 1940, comes the plaintiff, Meleita Woodcock, by her solicitors, J. M. Rowland, E. C. Thacker, and Roy Mitchell, Esqrs., and comes the defendants, W. K. Woodcock, Mabelle Woodcock Hikes, Lucille Woodcock Quinn and John H. Woodcock, Jr., by their solicitors, A. T. Davies and Murphy & Wood, Esqrs., and this cause being reached on the regular call of the docket, and it appearing to the court that due service of process by summons issued on the complaint herein for the time and in the manner prescribed by law has been made upon the defendants, this cause is submitted to the court for its consideration and judgment on the complaint of the plaintiff, the answer of the defendants, the depositions taken on behalf of the plaintiff, and the depositions taken on behalf of the defendants, and the court being well and sufficiently advised as to all matters of law and fact arising herein, and the premises being fully seen, finds:

"1. There is no cause of action proved by the plaintiff against the defendants, W. K. Woodcock, Mabelle Woodcock Hikes and Lucille Woodcock Quinn.

"2. The decree of this court rendered in cause No. 14,609 on October 4, 1938, wherein Meleita Woodcock was plaintiff and John H. Woodcock, Jr., was defendant, is conclusive as to the cause for divorce alleged in this cause, since there has been no desertion proved against the defendant, John H. Woodcock, Jr., occurring since the decree in said former cause.

"3. The plaintiff has failed to prove that the defendant, John H. Woodcock, Jr., deserted her.

"It is, therefore, considered, ordered, adjudged and decreed by the court that the complaint of the plaintiff be, and the same is, hereby dismissed for want of equity and that the defendants have of and recover from the plaintiff all the costs herein expended by them."

The record reflects that on June 8, 1938, appellant filed the first suit seeking a divorce and a division of the property of John Woodcock, Jr., on the grounds of habitual drunkenness, personal indignities and desertion.

John Woodcock, Jr., filed an answer denying the material allegations in the complaint and by way of cross-complaint prayed for a divorce from appellant on the grounds of indignities and desertion.

Testimony was taken in the form of depositions upon the issues involved and the cause was submitted to the court in October, 1938, at which time the court found that neither party was entitled to a divorce and dismissed the complaint and cross-complaint. There was no decree entered at the time, but subsequently on July 9, 1940, by *nunc pro tunc* order the decree was entered. No appeal appears to have been taken from the decree.

On September 7, 1939, appellant filed another complaint against her husband and included as defendants the brothers and sisters of John Woodcock, Jr., and also the Arkansas Trust Company as garnishees on the theory that they had property in their possession belonging to John Woodcock, Jr., which he had inherited from

his father. She alleged in the second suit desertion. John Woodcock, Jr., filed an answer denying the ground alleged for divorce by appellant and denying that the garnishees had in their possession any property which he had inherited from his father and also pleaded *res adjudicata* of the issues involved in the first suit brought on June 8, 1938, by appellant and the decree rendered in that case by the court that neither party was entitled to a divorce.

The garnishees filed answers denying that they were in possession of any property belonging to John Woodcock, Jr.

On the theory that no final decree was rendered in the first case they obtained a consolidation of the two cases for the purposes of trial.

All the evidence in the first case was introduced on the trial of the cause as well as additional evidence. The record is very voluminous especially on the issue of whether the garnishees were in possession of any property which belonged to John Woodcock, Jr. The court sustained the plea of *res adjudicata* and also again found that appellant was not entitled to a divorce on the ground of desertion and adjudged that the garnishees had no property in their possession or under their control belonging to John Woodcock, Jr., and dismissed appellant's second complaint for want of equity. The findings and decree of the court have been set out herein, so we will not repeat them.

After the appeal had been lodged in this court and a partial transcript filed, on the application of appellant she obtained an order from this court directing John Woodcock, Jr., her husband, to pay her attorneys $25 as a fee and the costs of the appeal.

John Woodcock, Jr., filed a petition setting out that he was unable to pay the attorneys' fee and costs of the appeal and on February 3, 1941, this court remanded the cause to the chancery court with directions that within fifteen days a hearing be accorded appellant on her allegations that appellee was and is able to pay court costs, attorneys' fee, etc.

On remand of that issue to the chancery court the court heard testimony and found and decreed that John Woodcock, Jr., had no property with which he could pay the costs of the appeal and an attorneys' fee of $25, and an appeal was taken from that decree of the chancery court to this court. We have concluded that the court was correct in both the first and last suits in finding that neither party was entitled to a divorce and also in sustaining the plea of *res adjudicata;* that all issues involved in the first suit were also involved in the second suit.

The record reflects that in 1933 appellant was living in an apartment in Hot Springs and was being supported by her father; that she met John Woodcock, Jr., at a dance one night where liquor was flowing pretty freely, and that on the next morning he went to the apartment house where she was residing and got her to go to his father's home. His father was away on a visit and no one was there except a colored cook; that for several days they indulged freely in drinking liquor themselves and with friends who came to the house; that while both were under the influence of liquor they concluded to marry and sent for a justice of the peace who refused to marry them on account of their condition; that another justice of the peace was called in, and after being handed a $10 bill he directed that a license be obtained and agreed to marry them; that the license was obtained and the ceremony performed; that they realized that the father of John Woodcock, Jr., was coming home so they took a honeymoon trip to Little Rock where they continued to drink to excess for several weeks; that later they sobered up and returned to Hot Springs where they lived a part of the time with appellant's father and some seven or eight months with the elder Woodcock; that during the period, they lived together in a way for some two years. They frequently gave wild parties and attended wild parties and indulged in excessive drinking; that finally they separated, and appellant went to Dayton, Ohio, where one of her sisters was living and worked a part of each year; that after John Woodcock, Jr., had spent practically all he had himself and most all his inheritance in riotous living such as drinking, gambling, and playing

the horse races the first suit was filed by her on June 10, 1938, and the second suit on September 7, 1939; that when they were living together appellant accompanied him to the wild parties and also to the gambling dens and other questionable places.

We think the testimony warranted the court in denying either one of them a divorce on the grounds of indignities, habitual drunkenness or willful desertion by either one of them with cause. They were both to blame, one as much as the other, for the marriage in their maudling condition and for the indignities each of them heaped upon the other during the time they lived together caused by excessive drinking of intoxicants, frequenting gambling houses and other questionable places. Fortunately no children were born to the union and they themselves will be the only ones required to reap what they sowed.

"Whatsoever a man soweth, that shall he also reap." Galatians, 6:7.

"They have sown the wind, and they shall reap the whirlwind." Hosea, 8:7.

We think the court erred in finding that John Woodcock, Jr., cannot pay the costs of this appeal and the attorneys' fee allowed by this court. We think from reading the whole record that one of his sisters if not both have property belonging to him, but even if they do not have any of his property he is perfectly able to work and earn enough to pay an additional fee of $25 and the costs of this appeal. The evidence shows that she has nothing herself, and that as between the two he is more able to pay the expenses of the litigation than appellant is. The decree is modified in this respect and in all other things is affirmed.