WILBORN v. ELSTON.

4-7816 191 S. W. 2d 961

Opinion delivered January 28, 1946.

*Jno. S. Gatewood* and *W. J. Dungan,* for appellant.

*Ross Mathis,* for appellee.

Minor .W. Millwee, Justice. This is the second appeal of this case. The suit was originally brought by appellants, claiming to be the three duly elected trustees of the Church of God in Christ at Cotton Plant, Arkansas, for recovery of possession of the church property. The present appellees, two of whom claim to be lawful trustees of said church, were made party defendants. We do not attempt a restatement of the facts which were set forth in our opinion in the former appeal in *Elston* v. *Wilborn,* 208 Ark. 377, 186 S. W. 2d 662, 158 A. L. R. 179.

As stated in the former opinion, the issue for trial in the chancery court was whether the present appellants, as plaintiffs below, were the duly elected trustees of the church at the time of the filing of the suit. The Chancellor, apparently being unable to determine this question from a consideration of the testimony offered on this point in the first trial, ordered an election for that purpose. On the basis of the result of such election, appellants were declared to be the duly elected trustees and a decree was rendered in their favor.

On the former appeal we held that the issue, whether appellants were the duly elected trustees, should have been determined on the basis of facts as they existed prior to filing of the suit, and not by the results of an election ordered by the court. The decree of the trial court based on the results of the election was reversed, and the cause remanded, "for a trial and decree on the question, whether the plaintiffs, at the time they filed the ejectment suit, were the duly elected trustees of the church, and also for the court to determine whether there is any merit to the lien claimed by appellant Bowe in the cross-complaint."

After the opinion of this court was rendered on the former appeal, the present appellants filed a motion and brief for rehearing in which it was strongly urged that a preponderance of the testimony in the original record, aside from any consideration of the election ordered by the court, showed that appellants had been properly elected trustees. It was further argued that the case had been fully developed and that a final decree should be entered. The motion for rehearing was denied and mandate was issued on the original opinion.

When the cause was presented to the trial court for retrial on the opinion and mandate from this court, both parties declined to offer additional testimony. Upon consideration of the mandate, and the record in the former appeal, the trial court dismissed the complaint of appellants for want of equity, and this appeal follows.

We try chancery cases *de novo,* and the usual practice on appeal is to end the controversy here by final judgment, or by direction to the trial court to enter a final decree. There are, however, exceptions to this practice, and it rests in the discretion of this court to determine whether, upon reversal of a cause, the same should be opened for a new trial. If the cause is heard and determined by the chancellor on an erroneous theory, or if it is not sufficiently developed in the trial court, this court may remand for further hearing on the whole case, or on certain issues. *Carmack* v. *Lovett,* 44 Ark. 180; *Long* v. *Chas. T. Abeles & Company,* 77 Ark. 156, 93 S. W. 67; *Gaither* v. *Gage,* 82 Ark. 51, 100 S. W. 80; *Carlile* v. *Corrigan,* 83 Ark. 136, 103 S. W. 620. This practice was followed in the instant case on the former appeal, where the cause was heard by the chancellor on what we determined to be an erroneous theory, and the testimony on what we conceived to be the pertinent issues did not appear to us to have been fully developed.

Appellants now contend, as they did on rehearing in the former appeal, that a preponderance of the evidence adduced on the original hearing supports the finding that they were the duly elected trustees of the church

at the commencement of the suit. It is insisted that the taking of additional testimony on retrial of this issue, under the mandate and opinion rendered in the former appeal, was unnecessary, and that the trial court, therefore, erred in dismissing the complaint. The evidence touching the validity of the election of appellants, Prator and Hampton, as trustees to succeed appellees, Leaks and Elston, does not appear to have been fully abstracted on this appeal. However, we have carefully re-examined the record on this point, and conclude that the validity of such election is not supported by the greater weight of the testimony.

It seems to be undisputed that appellant, Wilborn, and appellees, Leaks and Elston were the duly elected and acting trustees up to the time of the church division. When differences arose, that part of the congregation favoring appellants moved to the home of one of the members and, at a meeting there held, proceeded to elect appellants, Prator and Hampton, as trustees to replace appellees, Leaks and Elston. Testimony offered on behalf of appellants on the question, was to the effect that Leaks and Elston had quit the church and gone off with another organization. This was stoutly denied by appellees and we think a preponderance of the testimony fails to disclose the creation of a vacancy in the office of the trustees by their abandonment thereof, or otherwise. The theory of a vacancy existing in the offices of the trustees is not mentioned in the minutes of the election meeting. While there is some evidence that Leaks was notified of the election meeting, it is not contended that any of the other members of the congregation who continued to use the church as a meeting place received notice of the meeting. In *Monk* v. *Little,* 122 Ark. 7, 182 S. W. 511, where a part of the membership of a congregational church met at the home of an individual member and attempted to remove other members from the church, it was held that such action was irregular and without sanction of church authority. Appellants, therefore, failed to meet the burden of showing, by a preponderance

of the evidence, that they were the duly elected trustees at the time the suit was instituted.

It is also insisted by appellants that, regardless of the validity of their election as trustees, they are still members of the church, and, under the doctrine of virtual representation, had a right to maintain the suit. We held on the former appeal that appellants' right to maintain the suit was dependent upon the validity of their election as trustees. This decision is now the law of the case and was binding on the trial court on a second trial of the cause. *Biscoe* v. *Tucker*, 14 Ark. 515; *Perry* v. *Little Rock & Fort Smith Railroad Company*, 44 Ark. 383; *Henry* v. *Gulf Refining Company*, 179 Ark. 138, 15 S. W. 2d 979; *Morris & Company* v. *Alexander & Company*, 180 Ark. 735, 22 S. W. 2d 558.

It might be appropriate in passing to note that, insofar as this record reflects, all the laity involved in this controversy are still members in good standing of the Church of God in Christ at Cotton Plant. While there seems to be some disagreement regarding the individual preachment of one of the clergy, and the moral conduct of another, no differences in doctrine seem to exist between the warring factions. Appellees disclaim any right on their part to the exclusive use of the church property, and say they have repeatedly invited appellant faction back into the fold. This invitation was extended at the original hearing. No differences appear to exist between the factions that will not readily yield to the orderly processes of their democratic system and the slightest application of the spirit and teachings of Him to whom they profess allegiance and loyalty.

The decree is affirmed.