NARISI *v.* NARISI.

5-2361                                        345 S. W. 2d 620

Opinion delivered May 1, 1961.

*Heilbron, Shaw & Beasley,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

ED. F. McFADDIN, Associate Justice. This is the second time these parties have presented their marital

difficulties to this Court. The first case was *Narisi v. Narisi*, 229 Ark. 1059, 320 S. W. 2d 757. There, each party sought a divorce on the ground of indignities (the fifth ground for divorce stated in § 34-1202, Ark. Stats.); and we denied a divorce, saying that each was "equally at fault." The second (present) case was initiated on May 31, 1960, when Mr. Narisi filed suit for divorce on the seventh ground stated in § 34-1202, Ark. Stats., *i. e.,* that the parties had lived separate and apart for three years. Mrs. Narisi cross-complained and likewise sought a divorce on the same ground, *i. e.,* three years separation. The Chancery Court, in the decree from which comes this appeal, granted each party[1] a divorce on the ground alleged. The Court also awarded Mrs. Narisi the custody of the children and made provisions for residence in the home, alimony, and child support, as to all of which there are no objections by either party. But the Trial Court refused to award Mrs. Narisi any dower interest in the property of Mr. Narisi; and from such refusal Mrs. Narisi prosecutes this appeal. Her right to dower is the sole issue on this appeal.

I. *Res Judicata.* The Trial Court refused Mrs. Narisi's claim to dower on the basis that the holding of this Court in the first case was *res judicata*[2] in the finding that she was "equally at fault." In support of the ruling of the Trial Court, Mr. Narisi's attorneys point out in their brief: (a) that the seventh ground for divorce stated in § 34-1202, Ark. Stats. says: "And the question of who is the injured party shall be considered only in cases wherein by the pleadings the wife seeks either alimony . . . or a division of property . . . or both"; (b) that § 34-1203, Ark. Stats. says: "The *injured* party in all such cases may apply for such decree of divorce . . ."; (c) that § 34-1214, Ark. Stats.

---

[1] The decree recites, ". . . that the parties be granted an absolute divorce."

[2] The defense of *res judicata* is one that normally must be set up in the answer. Here the claim of *res judicata* was made in some pleading prior to Mr. Narisi's answer to the cross-complaint; but *res judicata* was discussed in the trial, and appellant's attorney, with becoming candor, has stated in the brief that on this appeal it should be considered as though *res judicata* had been presented in the proper way, *i.e.,* by answer. We do so consider it in this case.

says: ". . . and the wife so granted a divorce against the husband . . . shall be entitled to one-third (1/3) of the husband's personal property absolutely and one-third (1/3) of all the lands . . . for her life . . ."; (d) that in the first Narisi case we refused Mrs. Narisi a divorce and held that she was "equally at fault"; and (e) that if Mrs. Narisi was equally at fault in the first case, she is not the *"injured party"* in the present case.

From these recited matters the appellee stoutly insists that our holding in the first case is *res judicata* of Mrs. Narisi's claim for dower in the present case; and appellee cites: *Ray* v. *Ray,* 192 Ark. 660, 93 S. W. 2d 665; *Carty* v. *Carty,* 217 Ark. 610, 232 S. W. 2d 446; *Edwards* v. *Edwards,* 222 Ark. 626, 262 S. W. 2d 130; *Martin* v. *Martin,* 225 Ark. 677, 284 S. W. 2d 647; *White* v. *White,* 228 Ark. 732, 310 S. W. 2d 216. We disagree with the ruling of the Trial Court on the matter of *res judicata* and also with the reasoning of the appellee as above set forth; and we hold that the rule of *res judicata*[3] is not applicable to the present case. That the rule of *res judicata* may apply in divorce cases has been recognized repeatedly. *McKay* v. *McKay,* 172 Ark. 918, 290 S. W. 951; *Woodcock* v. *Woodcock,* 202 Ark. 809, 152 S. W. 2d 1013; *Ball* v. *Ball,* 189 Ark. 975, 76 S. W. 2d 71. But in *McKay* v. *McKay, supra,* we said: "We think the present suit of appellant is not barred by the decree in the first suit, for the reason that she alleges a different cause of action for divorce, one which could not have existed when she filed her first suit—that of desertion—as the parties had not been separated a year when the first suit was commenced." In 17 Am. Jur. 638, Divorce and Separation, § 543, the rule as to *res judicata* in divorce cases is stated: "As a general rule, a final judgment rendered by a court of competent jurisdiction

[3] In *Mo. Pac. R. R. Co.* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872, we quoted the rule of *res judicata* from 30 Am. Jur. 908: " 'Briefly stated, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' "

on the merits is conclusive of the rights of the parties and their privies, and as to them constitutes a bar to a subsequent action *involving the same claim, demand, and cause of action."* (Emphasis supplied.) And in § 546 of the same article, in discussing when causes of action are different, the holdings are summarized: "In determining whether the causes of action involved in two cases are the same, the determining factor is whether the evidence necessary to sustain the second case is essentially the same as was required to sustain the first."[4]

In *McKay* v. *McKay, supra,* we recognized that the various grounds for divorce constitute separate causes of action. So, here, the rule of *res judicata* cannot be applicable because the cause of action is not the same in the two cases. In the first suit, the cause of action was because of *indignities,* and in the present suit the cause of action is because of *three years separation.* The Narisis separated on May 30, 1957, and shortly thereafter Mrs. Narisi filed the suit for divorce on the ground of indignities (the fifth ground in § 34-1202, Ark. Stats.); and Mr. Narisi, in his cross-complaint, also claimed indignities. The opinion of this Court in the first case was delivered on February 2, 1959, and at that time the Narisis had not lived separate and apart for three years. So neither of them had a cause of action under the seventh ground for divorce as listed in § 34-1202, Ark. Stats., which is the ground for divorce here relied upon. It was not until May 30, 1960, that either of the parties had a cause of action under the three-year separation statute, which is an entirely different cause of action from indignities. The rule of *res judicata* in divorce suits applies only when the second suit is on the same cause of action as the first suit; and, as we have demonstrated, that situation does not exist in the case at bar. So we hold that the rule of *res judicata* does not apply in the present case.[5]

---

[4] In 4 A. L. R. 2d 107, there is an annotation involving some phases of *res judicata* in divorce cases.

[5] For a discussion of *res judicata* in divorce cases see C. J. S. Vol. 27-A, page 729, "Divorce" § 174(1) *et seq.* It is there stated that *res judicata* "... is generally held inapplicable where the subsequent action

II. *Disposition Of The Present Case.* Having decided that the plea of *res judicata* should not have been sustained by the Trial Court, we are confronted with the problem of what disposition should now be made of the case by this Court. In the oral argument, this matter was propounded to appellant's counsel; and we learned that as far as Mrs. Narisi is concerned, we have before us now all of the evidence that could be presented: we have all of the record in the present case, as well as Mrs. Narisi's "offer to prove";[6] and we have also the entire transcript of the proceedings and evidence in the first case,[7] which, in itself, consists of 1,146 typewritten pages. The general rule in equity cases is that, with all of the record fully developed, we should finally decide the case instead of remanding it to the Chancery Court for a new trial. In *Pickett* v. *Ferguson,* 45 Ark. 177, Mr. Justice W. W. Smith said: "And it is our invariable practice not to remand chancery cases for further proceedings and proofs, where we can plainly see what the rights and equities of the parties are, but to render such decree here as should have been rendered below." In *Crease* v. *Lawrence,* 48 Ark. 312, 3 S. W. 196, Mr. Justice Battle said: "As the cause was ready for hearing, we proceed to consider the merits and to render such decree as should have been entered below." And in *Wilborn* v. *Elston,* 209 Ark. 670, 191 S. W. 2d 961, Mr. Justice Millwee said. "We try chancery cases *de novo,* and the usual practice on appeal is to end the controversy here

is based upon a different cause which could not have been presented in the earlier proceeding." See also 17 Am. Jur. 638, "Divorce and Separation" § 543 *et seq.,* wherein it is stated: "In order that a prior decree in a divorce action may be invoked as a bar, the two actions must be based upon the same cause of action; otherwise, the decree operates only by way of estoppel." The doctrine of collateral estoppel has not been invoked in the case at bar; so there is no need for us to consider it in view of the disposition that we finally make of this case. In 13 Ark. Law Rev. 314, there is an enlightening article entitled, "Defenses to Divorce Actions"; and in it there is a discussion of *res judicata.* In *McKay* v. *McKay, supra,* we recognized that the different grounds for divorce are separate causes of action. See also *Buck* v. *Buck,* 207 Ark. 1067, 184 S. W. 2d 68.

[6] This is shown on Pages 191 and 192 of the transcript.

[7] The record in the first case was brought in by stipulation between the parties as shown on Page 31 of the transcript in the present case.

by final judgment, or by direction of the Trial Court to enter a final decree.''

We therefore proceed to determine on all the records before us whether Mrs. Narisi is entitled to dower in addition to the alimony and allowances she received.[8] It must be borne in mind that we are here concerned with a divorce granted under the seventh subdivision of § 34-1202, Ark. Stats., the germane portion of which reads: ''. . . and the question of who is the injured party shall be considered only in cases wherein by the pleadings the wife seeks either alimony under section 34-1211, Ark. Stats., 1947, or a division of property under Section 34-1214, Ark. Stats., 1947, as hereby amended, or both.''

The determination of who is the ''injured party'', as those words are used in the quoted language above, opens wide the door for the Court to consider matters and events extending beyond the five-year period which limits evidence of recrimination in other divorce actions. *Alexander* v. *Alexander*, 227 Ark. 938, 302 S. W. 2d 781. The Alexander case is also authority for the holding that, in considering who is the injured party under the seventh subdivision of § 34-1202, Ark. Stats., the Court is not required to make a full award of dower but may reduce the dower in keeping with the equities of the case. There, we reduced the wife's dower to one-half of what the statute provides under § 34-1214, Ark. Stats.

When the divorce is awarded under the seventh subdivision (*i. e.*, three years separation), the determination of property rights is much different from the awards made under any of the first six subdivisions[9] of

---

[8] Of course, as to child support, the Chancery Court may, at any time, change the present order upon a proper showing. *Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409; *Reiter* v. *Reiter*, 225 Ark. 157, 278 S. W. 2d 644.

[9] The first six grounds for divorce as contained in § 34-1202, Ark. Stats. are a verbatim copy of Chapter 51, Section 1 of the Revised Statutes of 1837, and have come down through the succeeding digests unchanged to § 3500 of Crawford & Moses' Digest of 1921. In the first six subdivisions recrimination is a complete defense against a divorce, whereas, under the subdivision seven, recrimination is no defense; and also the doctrine of clean hands is not applicable to divorces granted under the seventh subdivision. *Young* v. *Young*, 207 Ark. 36, 178 S. W. 2d 994; *Larsen* v. *Larsen*, 207 Ark. 543, 181 S. W. 2d 683.

§ 34-1202, Ark. Stats. The legislative and judicial history of the seventh subdivision of § 34-1202 points unerringly to the conclusion that the Trial Court in the first instance, and this Court on appeal, has a broad discretion in determining property rights and alimony rights when the divorce is granted under the seventh subdivision, i. e., three years separation. By Act No. 167 of 1937, the Legislature attempted to make three years separation a ground for divorce. This Act was considered in *White* v. *White,* 196 Ark. 29, 116 S. W. 2d 616; and because of that opinion the Legislature of 1939 passed Act No. 20 and, for the first time, there appeared the language, ". . . the question of who is the injured party shall be considered only in the settlement of the property rights of the parties and the question of alimony." All of this was clearly pointed out in the opinion of Mr. Justice Frank G. Smith in *Jones* v. *Jones,* 199 Ark. 1000, 137 S. W. 2d 238, wherein, in speaking for a unanimous Court, he said: "Upon the authority of Act No. 20, we must affirm the decree for divorce; but the Act does not affect our jurisdiction to settle the property rights of the parties and to award alimony; indeed, for those purposes—but for those purposes only—we may consider which spouse is the injured party.[10]"

It was by Act No. 348 of 1953 that the Legislature amended the seventh ground to specifically add reference to alimony and property rights, thus, clearly showing that it was the intention of the Legislature that the courts would have broad discretion in determining both property rights and alimony rights when divorce was granted under the seventh ground. And in *Alexander* v. *Alexander,* 227 Ark. 938, 302 S. W. 2d 781, the divorce was under the three-year statute; and we said:

"In view of this situation the next question is whether the appellant is entitled to one-third of appel-

---

[10] In *Clarke* v. *Clarke,* 201 Ark. 10, 143 S. W. 2d 540, it was recognized that the said Act 20 of 1939 gave the courts broad discretion in the matter of alimony; and in *Brooks* v. *Brooks,* 201 Ark. 14, 143 S. W. 2d 1098, there is a review of the earlier acts and decisions leading up to Act No. 20 of 1939. In the Brooks case, the Court exercised its judicial discretion both as to property rights and alimony.

lee's personalty absolutely under Ark. Stats., Secs. 34-1202 (7) and 34-1214, *supra*. The latter statute provides that the wife shall be entitled to such interest in the husband's property where she is granted a divorce. It is also true that the wife would ordinarily be entitled to such an award under the three-year separation statute where she is found less at fault, or the injured party, in the marital debacle. But there are other factors to be considered here which would render it inequitable to award her as much as one-third of his wealth. This three-year separation statute is unusual in several respects as we indicated in *Young* v. *Young, supra,* where we held recrimination was no defense to a divorce action brought under it. In making a property division here we have an unusual situation when we consider the respective incomes and financial condition of the parties. Appellant is about three times as wealthy as the appellee and her income from properties worth approximately $3,000,000 is far in excess of that earned by appellee. Under all the circumstances, we conclude the decree should be modified so as to allow appellant one-sixth of appellee's personal property not already disposed of by agreement.''

In view of all of the foregoing, there can be no doubt that the Trial Court in the first instance, and this Court on appeal, possesses broad powers,[11] not only as to alimony, but as to property rights, when the divorce is granted to either party under the seventh subdivision of § 34-1202, Ark. Stats. We have gone into this matter in considerable detail, to thoroughly establish the power of the Court to determine the proper award of dower and alimony when the divorce is granted under the seventh subdivision of § 34-1202, Ark. Stats. because, in the case at bar, we are exercising our broad powers to determine the correct award that Mrs. Narisi should receive.

[11] See *Martin* v. *Martin*, 225 Ark. 677, 284 S. W. 2d 647; *Grytbak* v. *Grytbak*, 216 Ark. 674, 227 S. W. 2d 633; and *Carty* v. *Carty*, 222 Ark. 183, 258 S. W. 2d 43, in each of which cases reference was made to the broad powers of the Court in settling property rights and alimony when the divorce was granted under the seventh subdivision of § 34-1202, Ark. Stats.

As heretofore stated, we have reviewed the entire record in this case, along with Mrs. Narisi's offer to prove, and also the entire record in the first Narisi case. We have concluded that the allowances made by the Chancery Court for Mrs. Narisi are fair and just under all of the circumstances existing. In the decree from which comes this appeal, the Court directed Mr. Narisi to pay Mrs. Narisi as alimony the sum of $37.50 per week, which is somewhat in excess of $150.00 per month. The Court also directed Mr. Narisi to deliver to Mrs. Narisi the title to the Buick automobile now in her possession; and in addition awarded Mrs. Narisi, for the benefit of herself and the children, the use and possession of the premises at 4400 North "O" Street in Fort Smith, with Mr. Narisi to pay all mortgage payments and all taxes and insurance on the property. Mr. Narisi was ordered to pay $641.41 on the accumulated indebtedness of Mrs. Narisi and to pay a total of $350.00 attorneys' fee for Mrs. Narisi's attorneys. All of these items were in addition to the amount the Court awarded Mrs. Narisi for the benefit of the minor children, amounting to $44.50 per week, and which we have previously stated the Court is free to change at any time upon the showing of changed circumstances.

In view of all of the record as previously mentioned, we think Mrs. Narisi received a fair and just allowance for herself by the decree of the Chancery Court. We do add the sum of $350.00 as additional attorneys' fee to be paid to her attorneys for their services in this Court, which amount is to be paid by Mr. Narisi, along with all of the costs in all the courts. With these additional amounts to be paid as just specified, we affirm the decree of the Chancery Court.