PAYNE v. PAYNE.

DIVORCE: *Adultery: Evidence of adulterer.*
  Where the charge for divorce is adultery courts are reluctant to grant it upon the uncorroborated testimony of a *particeps criminis.*

APPEAL from *Nevada* Circuit Court, in Chancery.
Hon. C. E. MITCHELL, Circuit Judge.

*Smoote & McRae* for appellant.

The allegation of adultery is clearly sustained by the depositions, and the divorce should have been granted. *Gantt's Dig.,* sec. *2195, clause 3.*

ENGLISH, C. J.   This was a bill for divorce, brought in the Nevada Circuit Court by George S. Payne against his wife Mary Ann Payne. The bill alleged as cause for divorce that the wife had committed adultery with one Benjamin F. Snodgrass.

The plaintiff proved by Snodgrass that he had had carnal intercourse with defendant, but his testimony was not only uncorroborated, but he admitted, on cross-examination, that he had stated to one Grayson that he believed that

plaintiff had used him as a tool or instrument for the purpose of getting a divorce.

The court below refused to grant a divorce on his testimony, and we shall decline to disturb the decree.

Where the charge is adultery, the courts are reluctant to grant a divorce on the uncorroborated testimony of a *particeps criminis.* *Abbott's Trial Evidence,* p. *747;* *Banta v. Banta, 3 Edw., ch. 295; Turney v. Turney, 4 Ib., 566; 2 Greenleaf Ev. (Rev. Ed.), sec. 47 and note 2; Simmons v. Simmons, 13 Texas, 558.*

Affirmed.

(On a petition for reconsideration in this case, which was denied, the court ordered that the decree dismissing the bill be so modified that the bill be dismissed at the cost of appellant, without prejudice.)