394

J. C. McCaa, Jr. v. Norma P. McCaa

5-4850                                          438 S.W. 2d 325

Opinion Delivered March 17, 1969

A. *Jan Thomas, Jr.* for appellant.

*Vincent E. Skillman, Jr.* for appellee.

Conley Byrd, Justice.    This messy divorce case arises out of the stormy marriage between appellant J. C. McCaa, Jr. and appellee Norma P. McCaa. The parties were married on July 12, 1964, following a divorce between J. C. and his first wife Madeline in which Norma was named corespondent.    Following a separation on Feb. 21, 1965, Norma filed suit for separate maintenance and J. C. counterclaimed for divorce.    At a hearing on Sept. 8th 1965, the trial court found that neither party was entitled to the relief prayed for, each being found equally guilty. In that decree the trial court also found, ''that all rights to possession of property as between the parties are hereby adjudicated, it being the finding of this court that neither of the parties should take any interest or share in the property of the other; that this property right adjudication should be res judicata in any divorce action or litigation that may occur hereafter between the parties on the grounds of three years separation ...''

The present action was instituted on May 25, 1967, by Norma who alleged a resumption of marital relations following the 1965 decree and sought a divorce upon the ground of personal indignities and adultery allegedly committed with a Miss Arnold. Mr. McCaa counterclaimed for divorce upon the grounds of three years separation. The trial court found that the parties had resumed their marital relations following the Sept. 8, 1965, decree; denied Mr. McCaa his divorce upon the grounds of three years separation; and awarded a divorce to Norma upon the grounds of adultery. In so doing the court recognized that by operation of law Norma would be entitled to 1/3 interest for life in any real estate and 1/3 interest in any personal property of McCaa. Mr. McCaa has appealed contending that the trial court failed to give full faith and credit to the 1965 decree; that Norma's testimony and that of her witnesses failed to meet the requirements of corroboration in order to sustain a divorce for adultery; and that the Chancellor abused his discretion in granting the divorce—*i.e.,* his findings are contrary to preponderance of the evidence.

We find appellant's contentions to be without merit. Norma, her daughter, her mother and Joe Russell all testified that McCaa and Norma purchased a house from Joe Russell on Cranford Street in Memphis into which they moved during September 1966, and in which they lived and cohabitated until November 12th or 13th of 1966. In fact Joe Russell testified that Mr. and Mrs. McCaa spent one night at the house before it was purchased and that he and his wife served them brunch the next morning.

Norma testified that following the last separation she found her husband at Pete's and Sam's Restaurant in Memphis with two women and that when she started checking on the girls, that she ran across Miss Arnold's name, whom she met in January 1967. That in January 1967, she and Miss Arnold went to Mr. McCaa's home

in West Memphis about 8:30 A.M. and observed one Mrs. Hart in the middle of Mr. McCaa's bed with only a pajama shirt on.

Miss Arnold, age 25, testified that she met Mr. Mc-Caa in January in 1966 while living in Osceola. That in March 1966, she moved to an apartment in Memphis which she and Mr. McCaa had picked out together and that their intimate relationship continued for approximately one year until she became aware of his interest in Mrs. Hart.

Mr. McCaa denies that he resumed his marital relationship with Norma; denies his adulterous relationship with Miss Arnold; and asserts that Mrs. Hart was at his house in January 1967 only to make some telephone calls while she was waiting on her automobile to be repaired. On cross examination he admitted having been out to dinner with Mrs. Hart and having been to Kentucky to visit with Mrs. Hart and her children. He also explained that Mrs. Hart at the time of trial was in Kentucky with her parents and that he wouldn't involve her in this "mess".

The 1965 decree is obviously not res judicata of the cause of action herein proved. We held in *McKay* v. *McKay*, 172 Ark. 918, 290 S.W. 951 (1927), that a decree denying a divorce was not res judicata of a cause of action not then in existence. The same rule is here applicable.

It is true that in *Payne* v. *Payne*, 42 Ark. 235 (1883), we pointed out that courts are reluctant to grant a divorce upon the uncorroborated testimony of a *particeps criminis*. However in a case such as this where one *particeps criminis* openly admits the adulterous relationship and another woman is found in the husband's boudoir clad only in a pajama top, we are unwilling to say there is insufficient evidence to sustain the trial court's finding of adultery.

Neither can we say that the trial court's finding upon the whole case is contrary to a preponderance of the evidence.

Affirmed.

FOGLEMAN, J., disqualified.